Opinion by
 

 Flood, J.,
 

 The plaintiff husband filed a complaint in divorce in Delaware County, on October 23, 1961, which was returned “not found”. On July 25, 1962, he filed an order of discontinuance. Between those dates his wife was declared incompetent and a guardian of her estate was appointed. On August 6, 1962, the husband filed a new complaint in the State of Alaska. Thereupon the wife’s guardian, on September 24, 1962,' filed a rule to vacate the discontimiánce in the first action in the Delaware County court. Following answer and hearing, the order to discontinue was stricken off by the court. The propriety of this action is now before us.
 

 Pa. R. C. P. No. 229(a) provides that a discontinuance shall be the exclusive method of voluntary termination of an action by' the plaintiff before the commencement of the trial. It will be noted thát the rule is silent as to whether or not court approval of a discontinuance is necessary. However, Pa. R. C. P. No. 2064(a), which deals more directly with the situation before us, provides: “No action to which an incompetentes a party .shall be compromised, settled, or discontinued except after approval by the court pursuant to a petition presented by any party in interest.”
 

 The plaintiff’s chief objection to the court’s action is that under Pa. R. . C. P. No. 229(c) the court may strike off a discontinuance only “to protect the rights
 
 *262
 
 of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice”. He argues that the defendant, never having been served, never became a “party” and Rule 229(c) does not apply. But this, in our view, is immaterial since Pa. R. C. P. No. 2064(a) governs this situation, and Pa. R. C. P. No. 229(c) cannot operate to restrict the right of the court to strike off a discontinuance entered without its prior approval as required by Pa. R. C. P. No. 2064(a).
 

 It is true that Pa. R. C. P. No. 2064(a) talks in terms of an incompetent who is a party. But to hold that an unserved incompetent wife is not within the scope of Pa. R. C. P. No. 2064(a) in the situation before us would be to frustrate one of the obvious purposes of the rule — to protect an incompetent from the very type of harassment and forum-shopping as occurred in this case.
 

 In
 
 Petition of Wilhelm,
 
 104 Pa. Superior Ct. 479, 159 A. 49 (1932), this court said: “When parties set in motion the machinery of the court, they may not thereafter, as a matter of course, stop it; it is under the control of the court. A court may, with entire propriety, allow a withdrawal if the request is made early, or where no action has been taken by the court, or where the public weal is not involved . . .” Although, in the absence of a disapproval, the court’s allowance has generally been presumed
 
 (Bausewine v. Norristown Herald,
 
 351 Pa. 634, 41 A. 2d 736 (1945); Goodrich-Amram, §229-8), in
 
 Donosa v. Ueltzen,
 
 97 Pa. Superior Ct. 556 (1930), we said: “[A] voluntary non-suit differs from a discontinuance as the latter is not of right; the allowance thereof is within the discretion of the court . . . .”
 

 The fact that the court had not obtained jurisdiction over the wife at the date of the filing of the discontinuance does not mean, as the plaintiff seems to
 
 *263
 
 think, that she is not within the protection of Pa. R. C. P. No. 2064(a). Nor is the suit “dead” merely because the complaint has not been served within thirty days of its filing. Under Pa. R. C. P. No. 1010(a), the complaint may be reinstated without commencing a new suit. And the mere filing of the suit in good faith stops the running of the statute of limitations.
 
 Gibson v. Pittsburgh Transportation Co.,
 
 311 Pa. 312, 166 A. 842 (1933); Goodrich-Amram, §1010(b)-1.
 

 The court’s discretion would have been properly exercised in refusing to allow the discontinuance under Pa. R. C. P. No. 2064(a). It would have been proper for the court to strike it off of its own motion when it became aware of the situation. Hence, the identity of the person who directed its attention to the situation is immaterial.
 

 Order affirmed.