Cannon, Appellant, v. Avco Corporation.

Argued September 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Keith S. Erbstein,* with him *Beasley, Hewson, Casey, Kraft & Colleran,* for appellant.

*G. Wayne Renneisen,* with him *Harvey, Pennington, Herting & Renneisen,* for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from a judgment of non pros. entered by the Court of Common Pleas of Philadelphia in a trespass action against the appellant-plaintiff, William Cannon and in favor of the appellee-defendant, Avco Corporation.

The plaintiff claims to have suffered personal injuries as the result of an industrial accident on June 18, 1968. On June 19, 1969, plaintiff filed his complaint in trespass. The Sheriff's return indicated that the defendant could not be found. The complaint was reinstated on January 8, 1970, and on November 4, 1971. On November 9, 1971, a petition to allow service on the Secretary of the Commonwealth was filed. Again, service was not made. On April 26, 1972, and on June 6, 1972, the complaint was reinstated. Service was finally made on a representative of the defendant-corporation on June 19, 1972. Running through this record is an indication that an inference might be drawn that defendant-corporation was evading service of process.

The defendant then filed preliminary objections to plaintiff's complaint contending that the service of the complaint had been untimely and that the corporation

had been materially prejudiced by the delay. The plaintiff filed an answer and supporting memorandum. The defendant also filed a supporting memorandum. The defendant requested oral argument, but the court below granted a judgment of non pros. without permitting oral argument on the ground of unreasonable delay.

The question as to whether a non pros. should have been granted because of plaintiff's failure to prosecute his action within a reasonable period of time is discretionary with the trial court and the exercise of such discretion can be disturbed on appeal only if an abuse thereof exists. *Gallagher v. Jewish Hospital Association*, 425 Pa. 112, 228 A. 2d 732 (1967). Thus, the issue in this appeal is whether the court abused its discretion.

A review of the record indicates that the plaintiff has complied in all respects with Rule 1007 and Rule 1010 of the Pennsylvania Rules of Civil Procedure in instituting the action by way of a complaint and in keeping the action alive by reinstating the complaint within the proper time periods. The court below properly disregarded the defendant's contention that plaintiff's complaint expired because the Sheriff could not effectuate service within thirty days after the original issuance of the complaint since the failure to secure service does not affect the plaintiff's right to reinstate the complaint within the statutory period and the record clearly shows that this was done.

However, the court below granted the non pros. on the ground of the delay of three years in effectuating service was so unreasonable and prejudicial to the defendant that a non pros. was properly invoked.

A court may properly exercise its discretion and enter a judgment of non pros. only when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptness; (2) there has been no compelling reason for the delay; and,

(3) the delay has caused some prejudice to the adverse party. *James Brothers Lumber Co. v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 247 A. 2d 587 (1968). Unlike the situation in *James Brothers,* supra, where the court affirmed the decision of the lower court in granting a non pros. because the docket showed no progress on the action for more than 10 years, the record in the instant case reveals that only three years had passed from the filing of the complaint until service was accomplished and that during that period plaintiff made several attempts to serve the defendant with process but was unsuccessful due to problems encountered by the Sheriff in finding an authorized representative of the defendant-corporation upon which service could properly be made. Thus, we cannot say that plaintiff failed to proceed with due diligence and that there was no compelling reason for the delay.

It is also clear that the defendant failed to establish any material prejudice which occurred to it by virtue of plaintiff's delay in effectuating service. Defendant's broad allegations, in the absence of any supporting material, that it has been prejudiced because it can no longer inspect the machine mentioned in the complaint as causing the injury for a malfunction and because it can no longer question witnesses in whose minds the event is fresh are not sufficient in themselves to show prejudice where the complaint alleged that improper design of the machine caused the accident and where no specific witnesses, whose minds have been so clouded by time, were mentioned.

Considering the fact that the plaintiff complied with all procedural requirements in keeping the action alive; that the time period that passed between the original filing of the complaint and the eventual serving of process was only three years; that plaintiff had made several attempts during that period at serving process at

various business addresses of the defendant-corporation; and that the defendant has failed to sustain its burden in demonstrating material prejudice caused by the delay; we feel that a non pros. should not have been granted and that the entry of judgment non pros. was an abuse of discretion.

Judgment reversed with a procedendo.