546 A.2d 1146

**Mary M. FOX and Harry G. Fox, h/w, Appellants,**

**v.**

**Matthew THOMPSON, Appellee.**

Superior Court of Pennsylvania.

Argued April 20, 1988.

Filed Aug. 15, 1988.

David L. Rohde, Philadelphia, for appellants.

James B. Corrigan, Philadelphia, for appellee.

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

KELLY, Judge:

In the instant appeal, the appellant/plaintiffs, Mary and Harry Fox, appeal an August 4, 1987 order of the Philadelphia County Court of Common Pleas, granting appellee/defendant's motion to strike the complaint for failure to make service upon the defendant. The sole reason given in the defendant's motion to strike was that the plaintiffs never served their complaint on the defendant, as required by Pa.R.C.P. Rule 401, and therefore, defendant was denied his right to proper notice. We find that the trial court abused its discretion in granting defendant's motion to strike the complaint. Accordingly, we reverse the decision of the trial court.

On October 15, 1985, the appellants/plaintiffs instituted this action against the appellee/defendant, Matthew Thompson, by means of a writ of summons, for injuries allegedly sustained to appellant, Mary M. Fox, arising out of an automobile accident which occurred in Philadelphia on October 15, 1983. The record shows that the service instructions and fee were submitted when the writ was filed.

Deputized service of the writ was attempted at the address for appellee supplied on the police report, however the sheriff noted on the return of service that no such address existed. On January 2, 1986, an entry of appearance and rule to file complaint were filed on behalf of appellee, by his attorney. In response, the appellants filed a timely complaint on January 21, 1986, and the record indicates that this complaint was served on appellee/defendant's counsel.

On May 7, 1987, the appellee/defendant filed a motion to strike the complaint for failure to make service upon the defendant, relying mainly on Pa.R.C.P. 401(a). The appellants filed a timely answer to this motion, alleging that the sheriff was unable to make service because the address did not exist and further that the appellee/defendant had concealed his address in a deliberate attempt to avoid service. In addition, appellants argued that under Pa.R.C.P. 401(b) the appellants were allowed to reissue the expired complaint at any time before making service; appellants also noted that they were seeking an order for substituted service.

On August 4, 1987, the trial court filed an order granting appellee's motion striking the complaint. The sole reason offered by the trial court for granting the motion was that service was not properly made in accordance with Pa.R.C.P. 402. Appellants filed a timely notice of appeal from this order on August 31, 1987. On December 15, 1987, the lower court filed its opinion in support of the order of August 4, 1987. We note that neither the order nor the opinion addresses any of the issues raised by appellants in their answer to the appellee's motion to strike.

The appellee sought dismissal of the complaint by raising preliminary objections pursuant to Pa.R.C.P. 1017(b)(2) which provides in pertinent part that either party may file a motion to strike off a pleading because of its lack of conformity to law or rule of court. Pa.R.C.P. 1017(b)(2). The sole reason given in the appellee's motion to strike was that the appellants never served their complaint on appellee, as required by Pa.R.C.P. 400 *et seq.*, thereby denying appellee's right to proper notice. We find that the appellants did

not violate any of the Pennsylvania Rules of Civil Procedure, therefore, the appellee's preliminary objection in the nature of a motion to strike the complaint was improper. In light of this, it was error for the trial court to grant the appellee's motion to strike the complaint.

Appellants' first contention is that the appellee waived any defect in service of the *writ* by filing a rule to file complaint. This contention is simply not supported by the case law. This Court in *Keller v. La Barre*, 225 Pa.Super. 504, 311 A.2d 683 (1973) held that a defendant did not waive his right to challenge the court's jurisdiction over his person by filing a praecipe for and in securing a rule against plaintiff for the filing of a complaint. "The rationale of our decision in *Keller* was that a writ of summons was not a pleading so that it was not immediately susceptible to attack by preliminary objections." *Hoeke v. Mercy Hospital of Pittsburgh*, 254 Pa.Super. 520, 528, 386 A.2d 71, 75 (1978). Therefore, until a complaint is filed the appellee/defendant may not challenge a defect in a writ of summons or its service. *Hoeke, supra.* "That being the case, a praecipe for a rule to file a complaint cannot be construed as waiving any objection to in personam jurisdiction." *Hoeke, supra.* Therefore, in our case, the appellee's challenge to the validity of service of the writ of summons and the complaint have not been waived by the filing of the rule to file a complaint and appellee's counsel's subsequent acceptance of the complaint.

Appellants' next contention is that the trial court erred in applying Pa.R.C.P. 402 to strike the complaint. The appellants argue that Rule 402 merely prescribes the method of service, and does not provide for dismissal of a complaint which is not properly served. Furthermore, they argue that Pa.R.C.P. 401 states that a writ or complaint may be reissued or reinstated at any time and any number of times so long as the applicable statute of limitations has not expired. *Cannon v. Avco Corporation*, 227 Pa.Super. 419,

323 A.2d 290 (1974). Appellants claim that the statute of limitations had not expired since they had made a good faith attempt to effectuate service upon the appellee, and therefore, under Rule 401 the complaint can be reissued at will, so long as it is within the statutory period. Appellee responds by arguing that the language of Pa.R.C.P. 401(a) is self-executing such that if the complaint is neither served within the thirty (30) day period, nor reinstated thereafter, it is void.

We agree with the appellant that it was improper for the trial court to dismiss the complaint pursuant to Rule 402. Rule 402 provides:

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

(b) In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document. . . .

Pa.R.C.P. 402.

The trial court found no procedural defects or irregularities in the appellants' writ or in their complaint. From the moment that the appellants instituted the lawsuit by praecipe for writ of summons, up until the date they filed their notice of appeal, all the proper filing procedures were followed. The appellants properly instituted the lawsuit under Pa.R.C.P. 1007 and properly delivered the praecipe to

44

the prothonotary. In addition, the complaint was timely. Appellee does not contest this.

The only explanation given by the trial court for granting the appellee's motion to strike was that the appellants failed to properly serve the defendant in accordance with Pa.R. C.P. 402. However, Pa.R.C.P. 402 should be considered together with Pa.R.C.P. 401 which provides in pertinent part that "a writ may be reissued or a complaint reinstated at any time and any number of times." Pa.R.C.P. 401(b)(2).

Indeed a party may reinstate a complaint or reissue a writ of summons 'at any time or any number of times,' although a late reinstatement will be subject to the statute of limitations. The party who files the initial process bears the burden of acting to ensure its continued efficacy. *Katz v. Greig*, [234 Pa.Super. 126, 339 A.2d 115 (1975)] *supra*. In applying these reinstatement rules, our courts have consistently considered irrelevant both the time the filing party became aware the sheriff could not serve process and the time the original cause of action arose. Rather, once a party files process with the prothonotary, the party has been allotted a fixed time equal to the statute of limitations to either file new process, or risk losing the action to the bar of the statute of limitations.

*Wible v. Apanowicz*, 306 Pa.Super. 262, 452 A.2d 545 (1982); *see also Washington v. Papa*, 253 Pa.Super. 293, 384 A.2d 1350 (1978).

 "The suit is not dead merely because the complaint has not been served within thirty days of its filing." *Lauterbach v. Lauterbach*, 202 Pa.Super. 260, 195 A.2d 159 (1963). Under Pa.R.C.P. 401(b), the complaint may be reinstated without requiring that the appellants commence a new lawsuit. *Sherry v. Trexler–Haines Gas, Inc.*, 373 Pa.Super. 330, 541 A.2d 341 (1988). The appellants properly followed all the necessary procedures in keeping their cause of action alive. The appellants filed the praecipe for writ of summons and request for service on October 15, 1985. In so doing, they tolled the applicable statute of limitations,

which would not have run until two years from that date. *Wible, supra.* The failure to complete service does not affect the appellants' rights to reinstate the complaint within the statutory period. Rule 401 clearly provides that a complaint which is not served within thirty (30) days of issuance may be reinstated. Although *service* made after the expiration of the thirty (30) days may be considered void, failure to serve the complaint within that period does not render the complaint a nullity. *Cannon, supra. See Bowman v. Mattei,* 309 Pa.Super. 486, 455 A.2d 714 (1983).* Based upon the foregoing, we conclude that the trial court erred in granting appellee's motion to strike the complaint on the basis that appellants failed to effectuate service.

In the absence of a violation of a law or a rule of court, the appellee/defendant's motion, in the form of a preliminary objection, was groundless, and the complaint should not have been dismissed. Accordingly, we reverse and remand the case to the trial court.

---

* The appellee further argues that the complaint was properly dismissed because the appellants made no good faith effort to effectuate service and therefore the statute of limitations was not tolled.

This Court stated in *Gould v. Nazareth Hospital,* 354 Pa.Super. 248, 511 A.2d 855 (1986):

> Prior to *Lamp,* it was repeatedly held that the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations; and, pursuant to the Rules of Civil Procedure, the writ may be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for commencement of the action. The *Lamp* court concluded, however, that 'there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service.' 366 A.2d at 888. The court set forth the new rule as follows:
>
> > [A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

354 Pa.Superior Ct. 250–251, 511 A.2d at 857, *quoting Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). However, the appellee did not raise the issue of good faith in the court below and the trial court made no findings regarding this issue. Therefore, the rule of *Lamp v. Heyman* is not applicable. *See also* Pa.R.A.P. 302(a).