597 A.2d 687

**Maria TRZCINSKI, Appellant,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 11, 1991.

Filed Oct. 2, 1991.

Daniel Kleiner, Philadelphia, for appellant.

Christine M.M. Brenner, Philadelphia, for appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

CERCONE, Judge:

■ This is an appeal from an order granting appellee's preliminary objections and dismissing appellant's complaint for lack of proper service.[1] For the reasons set forth below, we reverse in part the decision of the court of common pleas, and therefore vacate the order docketed December 6, 1990.

Plaintiff/appellant, Maria Trzcinski, was injured in a motor vehicle accident in October of 1989. She instituted the suit underlying this appeal in September of 1990 because defendant/appellee, Prudential Property and Casualty Insurance Company ("Prudential") failed to pay certain first party medical bills she submitted. Appellant attempted to make service by delivering a copy of the complaint to Prudential, a foreign corporation, "c/o Adolphus Levi Williams, Jr., Esquire; 1101 Market Street, Room 1320; Philadelphia, PA." When appellee did not respond to the complaint, appellant forwarded a Ten Day Notice of Intent to Take a Default Judgment to the same address, pursuant to Pa.R.C.P. 237.1, 42 Pa.C.S.A. Appellee responded to the Ten Day Notice by filing preliminary objections in the nature of a petition to strike which requested dismissal based upon allegations of improper service.

Upon due deliberation, the lower court granted Prudential's preliminary objections and the instant timely appeal followed. Appellant now raises two issues for our consideration: (1) whether the lower court erred in dismissing the complaint based solely upon a finding of improper service; and (2) whether the lower court erred in making its finding of improper service where the affidavit of service itself plainly indicates that the complaint was properly served

1. An order granting preliminary objections and dismissing a complaint is final and appealable because it effectively terminates the case. *See generally Zarnecki v. Shepegi,* 367 Pa.Super. 230, 532 A.2d 873 (1987), *allocatur denied,* 518 Pa. 643, 542 A.2d 1371 (1988).

upon Prudential at a law office "wholly owned" by the defendant insurance company. We shall consider these questions in reverse order.

■ Our first inquiry is whether the lower court erred in determining that appellant's complaint was improperly served. Both parties agree that the propriety of appellant's attempt to serve process in the instant case is governed by Rule of Civil Procedure 424, which provides as follows:

**Rule 424. Corporations and Similar Entities**

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the *manager, clerk or other person for the time being in charge* of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. No. 424, Pa. C.S.A. (emphasis added).[2]

Appellant argues that service was valid under Rule 424 because her complaint was properly served upon the receptionist at a law firm which effectively functions as a "wholly owned subsidiary" of Prudential. In this vein, appellant alleges that the law firm of Adolphus Levi Williams, Jr. accepts work from no clients other than appellee. Appellant argues that the natural consequence of this fact is that the firm's office location constitutes a "regular place of business" for Prudential within the meaning of Rule 424(2). According to appellant, if Mr. Williams' offices are deemed to be a regular place of business for appellee, then the receptionist at the law offices must be viewed as an "other person for the time being in charge" of a "regular place of business" for Prudential. Under such circumstances, appel-

---

**2.** The Committee Note following the rule indicates that substitute service upon a corporation or similar entity pursuant to Rule 402(a)(2) is not permitted by Rule 424.

lant argues, the receptionist's acceptance of process for appellee would be proper under Rule 424(2). We cannot agree with this position.

■ Reduced to its most elemental component, due process requires that a defendant be given adequate notice that litigation has commenced. *Romeo v. Looks,* 369 Pa.Super. 608, 616, 535 A.2d 1101, 1105 (1987) *(en banc), allocatur denied,* 518 Pa. 642, 542 A.2d 1370 (1988). Our rules of civil procedure clearly permit a foreign corporation to be served either by mail[3] or by hand delivery. *Reichert v. TRW, Inc.,* 385 Pa.Super. 416, 561 A.2d 745 (1989), *allocatur granted,* 525 Pa. 664, 583 A.2d 794 (1990). However, contrary to appellant's contentions, the correct inquiry to determine propriety of service under Rule 424 does not focus on the location but rather on the identity of the individual served. *Id.,* 385 Pa.Superior Ct. at 428, 561 A.2d at 750–51. While we are not prepared to say that a receptionist can *never* be deemed to be a "person for the time being in charge" of a regular place of business for a corporation for purposes of Rule 424(2), we find no indication that this is such a case. Appellant has cited no legal authority for the novel proposition that a law firm, no matter how limited its clientele, can be considered a "wholly owned subsidiary" of any client. More to the point, appellant has cited no authority for the proposition that a receptionist of a domestic law firm can be deemed *ex officio* a proper recipient of legal process for a foreign corporation. We therefore conclude that the lower court correctly found service to have been improper in the instant case.

■ Our inquiry does not stop at this point, however, because appellant also contends that the correct remedy for any instance of improper service is merely to strike the service but not to dismiss the complaint. Without conceding that appellee received improper service under Rule

**3.** Various means for service of process outside the Commonwealth are furnished by Pa.R.C.P. No. 404, 42 Pa.C.S.A. However, we are not concerned with these provisions because appellant elected to proceed instead under Rule 424.

424, appellant has argued that it was error for the lower court to dismiss her complaint. It is appellant's position that the lower court should instead have stricken the service of process under Pa.R.C.P. No. 401(b)(2) and permitted her to re-serve the complaint on appellee. We agree.

The Committee Comments to the Pennsylvania Rules of Civil Procedure governing service of original process clearly indicate that Rules 400 through 441 have been amended and consolidated into a single chapter in order to facilitate the proper interpretation of each rule by placing it in proximity to pertinent related rules. *See* Explanatory Comment preceding Pa.R.C.P. No. 400, 42 Pa. C.S.A. In determining the correct remedy for failure to effectuate proper service, this court has already chosen to follow the course charted by the Committee by interpreting Rules 400 through 441 *in pari materia. See, e.g., Reichert v. TRW, Inc., supra* (explicating the interplay among Rules 404, 423 and 424); *Fox v. Thompson,* 377 Pa.Super. 39, 546 A.2d 1146 (1988) (discussing the interaction of Rules 401 and 402).

In *Fox v. Thompson, supra,* a panel of this court held that where the plaintiff did not make proper service under Rule 402, the trial court was not free to dismiss the underlying complaint on that basis alone. *Id.,* 377 Pa.Super. at 44, 546 A.2d at 1148. Rather, the lower court was required to consider the effect of Rule 401(b)(2) which provides that a writ or complaint may be reinstated at any time and any number of times so long as the end of the limitations period has not been reached. *Id.* The *Fox* court held that when Rules 401 and 402 are read together, it is clear that a plaintiff's failure to complete service does not affect his or her right to reinstate the complaint within the statutory term. *Id.,* 377 Pa.Superior Ct. at 45, 546 A.2d at 1149. The panel therefore concluded that although the initial service was invalid, this fact did not render the complaint a nullity. *Id.* Hence the complaint should not have been dismissed simply because the service was unavailing. *Id.*

In the instant case, as in *Fox v. Thompson, supra,* the trial court found no procedural defects or irregularities in

appellant's complaint. Rather, the lower court found that proper service had not been effectuated. Applying the rationale of *Fox* to the instant case, we conclude that Rule 424 cannot be interpreted in isolation. As with improper service under Rule 402, Rule 401(b)(2) prohibits the dismissal of the complaint simply for want of proper service under Rule 424. Thus, upon determining that appellant had not effectuated proper service under Rule 424, the lower court should simply have stricken the service and not also dismissed the complaint. Accordingly, we vacate the order docketed December 6, 1990 and remand the case to the trial court for further proceedings.

Order vacated; case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

BECK, J., concurs in the result.