## Halterman v. C & E Birds and Services

*Kevin A. Hardy,* for plaintiff.
*Robert C. Lear,* for defendant.

MILLER, *J.,* April 27, 1994—In the case before us, plaintiff asks defendants to give him the bird. The dispute apparently involves a bird placed on consignment with

defendant Christine Colligan at defendant C & E Birds and Services by plaintiff.

Plaintiff instituted this matter by writ of summons on November 9, 1993, served upon defendants by a secretary of plaintiff's attorney. On January 13, 1994, defendant Colligan was served with a subpoena ordering her to appear at the law office of plaintiff's attorney, on February 14, 1994 and bring with her "the yellow nape placed on consignment with you or your business by plaintiff so same may be photographed and examined, together with any and all documents, writings or recordings concerning the yellow nape and/or plaintiff." No complaint has yet been filed. On January 31, 1994, defendants filed a petition to quash the subpoena. Supporting briefs and oral argument have been presented, and the matter is now before this court for disposition.

Defendants present two arguments in support of their motion to quash. First, the writ of summons was not served in accordance with Pa.R.C.P. 400 in that (a) it was not served within 30 days of the praecipe for writ of summons as required by Pa.R.C.P. 402(a)1, and (b) it was improperly served by plaintiff's attorney's secretary, not fitting within any of the exceptions provided by 400(b)(c) or 400.1.

Plaintiff argues that defendants cannot attack a writ of summons prior to the filing of a complaint. Further, plaintiff contends that service was effected by a competent individual, and defendants' assertion that none of the exceptions apply is shear speculation at this point as no complaint has been filed. If defendants wish to know the grounds, plaintiff reasons, they need to file a rule to file a complaint.

Plaintiff notes that according to case authority, an action should be set aside rather than dismissed. Not being dismissed, plaintiff argues, the action is still before the court. Therefore, under Pa.R.C.P. 234.1, defendant is properly compelled by subpoena.

Rules relating to service of process must be strictly followed. *Neff v. Tribune Printing Co.,* 421 Pa. 122, 218 A.2d 756 (1966), *Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966). As plaintiff has failed to show that service by other than the sheriff was proper under one of the allowable exceptions, service was thus improper.

The appropriate remedy for improper service is not to dismiss the action but rather to set aside the service. *Frycklund v. Way,* 410 Pa. Super. 347, 599 A.2d 1332 (1991), *appeal denied,* 531 Pa. 654, 613 A.2d 560 (1992), *Trzcinski v. Prudential,* 409 Pa. Super. 114, 597 A.2d 687 (1991). However, we do not agree with plaintiff that since the action has been set aside rather than dismissed, a subpoena may still be served.

The action may be reinstated at any time, any number of times, until the statute of limitations period has expired. *Fox v. Thompson,* 377 Pa. Super. 39, 546 A.2d 1146 (1988).

Therefore, plaintiff need only refile the writ of summons and reissue the subpoena. However, inquiry does not end here.

We are guided by authority relating to discovery matters generally. Discovery is not granted as a matter of right but only where the need therefor is shown. *Kuhlman Electric Co. v. Donegal Mfg. Corp.,* 81 D.&C. 12 (1952).

"Much annoyance and oppression would result where there is no indication of any valid claim in law or equity if the inquirer is to be given the right to full discovery of a party's private records and private information prior to satisfying the court that specific information in the adverse party's possession will furnish the facts necessary for a claim cognizable in law or equity ... some limitation should be placed upon the use of discovery where it appears that the purpose of the discovery is not to substantially aid in the preparation of the pleadings or the preparation or trial of the case but where the purpose is to determine

whether or not a cause of action in fact exists." *General Office Equipment Corp. v. Dillon Co.,* 107 Pittsburgh Leg. J. 193, 194 (1959). (citation omitted)

Although discovery has been greatly liberalized in recent years, Pa.R.C.P. 4003.1(a) still provides that a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Without any indication from plaintiff regarding the relevance of the information which is subject of the subpoena, we cannot say that ordering defendants' compliance would not be unduly annoying or burdensome. This court is required to balance the benefit to plaintiff against the hardship to defendants; plaintiff has given us nothing to balance against. Because of this, and because we find that the action has in fact lapsed until such time as it is reinstated by plaintiff, we will grant defendants' motion.

### ORDER

And now, April 27, 1994, defendants' motion to quash subpoena is granted.