J-A19026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOYCE FOWLER DYE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PMH ENTERPRISE, LLC | : | No. 247 EDA 2019 |

Appeal from the Order Entered, January 9, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  June Term, 2018-1238.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:           **FILED SEPTEMBER 13, 2019**

Joyce Fowler Dye appeals from the order of the trial court sustaining preliminary objections and dismissing her amended complaint.  The trial court dismissed her amended complaint, because, after repeated attempts, Ms. Dye's counsel could not perfect service on Defendant, PMH Enterprise, LLC. That draconian result violates our precedents.  Thus, we modify the order's remedy to set aside the defective service of process; Ms. Dye's amended complaint is **not** dismissed.

The underlying facts are largely irrelevant, because this appeal involves only a procedural matter.  Briefly, Ms. Dye's amended complaint alleges that PMH used toxic substances to repair the roof of her office building.  The summer sun overheated the chemicals, and fumes wafted into the building's

_____

* Former Justice specially assigned to the Superior Court.

ventilation ducts. Ms. Dye asserts that she breathed in the toxins and suffered injuries to her throat and respiratory system.

Ms. Dye commenced this action on June 12, 2018 by filing a complaint against PMH. She listed the company's address as 6040 Belfield Ave., Philadelphia, PA 19144. Ms. Dye's attorney obtained that data from the company's website, an online phonebook, and a Freedom of Information Act Response from the United States Postal Service. *See* Affidavit of Plaintiff's Counsel, 10/1/18, at 1. PMH's president agreed that was his company's address.[1] *See* Affidavit of Donald Pinkney, 11/10/18, at 1. The president averred that the 6040 Belfield Ave. "office is open every business day, except during those times that its members are at jobsites." *Id.*

Ms. Dye provided that address to a process server. The server tried to perfect service on PMH at:

1.      1:44 pm on Wednesday, August 1, 2018;

2.      10:33 am on Thursday, August 2, 2018;

3.      2:08 pm on Friday, August 3, 2018; and

4.      9:10 am on Monday, August 6, 2018.

*See* Affidavit of James Davis, 8/8/18, at 1. Despite those four attempts during business hours, the process server reported that PMH kept its office shuttered. "The business was closed, and the metal gates were down and padlocked during all attempts. There were no neighbors to confirm with, and the

---

[1] According to PMH, it still is. *See* https://www.pmhenterprisellc.com/home (last visited 8/8/19).

property is surrounded by vacant buildings, and storage and parking lots." *Id.*

A week after service failed, PMH filed preliminary objections to Ms. Dye's complaint on several grounds, including that service of process was defective. Despite not being served, PMH was able to attach a "true and correct copy of [Ms. Dye's] complaint . . . as Exhibit A" to its preliminary objections, because plaintiff's counsel previously e-mailed it to PMH's attorney. PMH's Preliminary Objections, 8/15/18, at 1. PMH also acknowledged the process server's four unsuccessful service attempts. *Id.* at 2. PMH argued that improper service deprived the trial court of jurisdiction and sought the dismissal of Ms. Dye's complaint.

Ms. Dye rendered those preliminary objections moot a week later when she filed an amended complaint.[2] After a month-and-a-half, Ms. Dye moved the trial court for permission to make alternative service on PMH. The court granted her motion in an October 4, 2018 Order, which set the parameters for perfecting alternative service. The trial court permitted Ms. Dye "to serve the Civil Complaint by regular mail to the last known address and by posting same on the premises at 6040 Belfield Ave., Philadelphia, PA 19144." Trial Court Order, 10/4/18, at 1.

The following week, "nearly two months after [Ms. Dye] filed her Amended Complaint, [she] mailed a copy of the Amended Complaint to

---

[2] *See* Pennsylvania Rule of Civil Procedure 1028(c)(1).

- 3 -

[PMH's] last known address by regular mail without first reinstating the Amended Complaint." Trial Court Opinion, 2/11/19, at 2. Next, she reinstated her amended complaint with the Office of Judicial Records of Philadelphia County. Two days later, the process server posted the amended complaint at the 6040 Belfield Ave. office of PMH. However, Ms. Dye "did not mail a copy of the **reinstated** Amended Complaint to [PMH's] last known address by regular mail, as required by the October 4, 2018 order granting alternative service." **Id.** (emphasis in original).

PMH filed a new set of preliminary objections on November 15, 2018 and attached its president's affidavit. He averred PMH "has not received a copy of [Ms.] Dye's Amended Complaint in the mail." Affidavit of Donald Pinkney, 11/10/18, at 1. The trial court sustained the preliminary objections on December 10, 2018 and granted PMH the relief it sought – namely, dismissal of Ms. Dye's amended complaint.

Ms. Dye sought reconsideration, which the trial court denied. This timely appeal followed. Although the trial court did not order Ms. Dye to comply with Pennsylvania Rule of Appellate Procedure 1925(b), it issued a Rule 1925(a) Opinion detailing its factual findings and legal conclusions.

Ms. Dye raises one issue on appeal: "Did the [trial court] commit an error of law when [it] dismissed [her] Amended Complaint upon [PMH's] Preliminary Objections for an alleged defect in service?" Dye's Brief at 5.

While accepting the trial court's finding that all of her many service attempts were invalid, Ms. Dye argues that dismissing her entire case was an

erroneous remedy. She relies on several opinions of this Court to support her position.

PMH responds with an argument it did not make below. It asserts that Ms. Dye violated the rule in **Lamp v. Heyman**, 366 A.2d 882, 889 (Pa. 1976) (announcing, prospectively, that "a writ of summons [or complaint] shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion."). Specifically, PMH contends that Ms. Dye's failed attempts at service were not a good-faith effort to satisfy the **Lamp** Rule.

PMH's brief implies that the trial court found Ms. Dye in violation of **Lamp**, because it determined she did not make a good faith attempt to perfect service of process. PMH argues that this Court must defer to that ruling, because it is fact-sensitive. It claims that:

> Whether a plaintiff made a good faith effort to effectuate service within the period of time required by Pennsylvania law is a fact-based inquiry that courts make on a case-by-case basis . . . As such, [Ms. Dye's] request that this Court rule that the trial court can never exercise its discretion to dismiss a complaint for improper service plainly contradicts" various appellate-court precedents.

PMH's Brief at 7.

PMH has correctly stated our standard of review for a determination of a *bona fide* effort at service or a lack thereof. This "is a factual matter within [the trial court's] sound discretion." **Englert v. Fazio Mechanical Services, Inc.**, 932 A.2d 122, (Pa. Super. 2007). However, PMH did not assert a **Lamp**

- 5 -

Rule violation in its preliminary objections. Moreover, its implication that the trial court found Ms. Dye in violation of the **Lamp** Rule is troublesome, because the trial court made no such finding.

Such a finding would have required the trial court to have concluded that Ms. Dye (1) intentionally delayed the service of process to stall the trial court's proceedings or (2) that lack of perfected service prejudiced PMH.[3] Indeed, plaintiff intent and defendant prejudice are the twin touchstones of the **Lamp** Rule:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the **Leidich [v. Franklin**, 575 A.2d 914 (Pa. Super. 1990)] line of cases, which, applying **Lamp**, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

**McCreesh v. City of Philadelphia**, 888 A.2d 664, 674 (Pa. 2005).

PMH's preliminary objections claimed no prejudice, no lack of notice, and no intent by Ms. Dye to stall the judicial machinery. In fact, when this Court asked at oral argument what prejudice PMH suffered, its counsel stated that his client was not making a prejudice argument.

---

[3] PMH had actual notice of this lawsuit soon after Ms. Dye filed it, because her lawyer e-mailed its attorney a copy of the original complaint. "Actual notice has been defined as notice expressly and actually given, and brought home to the party directly." **Commonwealth v. Crockford**, 660 A.2d 1326, 1330 (Pa. Super. 1995). If PMH had not received actual notice, it likely would not have been able to file its original preliminary objections as early as it did.

The same was true in the trial court. Instead of arguing that Ms. Dye had prejudiced PMH or intentionally violated her duty to prosecute her case in good faith, PMH contended that that court lacked jurisdiction, as a matter of law, due to the technicalities of service. ***See*** PMH's Memorandum of Law in Support of Preliminary Objections, 11/15/18, at 3 – 4. The company's argument was one paragraph:

> [Ms. Dye] never mailed [a reinstated copy of] the Amended Complaint to PMH and thereby failed to comply with [the trial court's] order setting forth the method of alternative service that must be followed. ***See*** Exs. D, F, and G [of 11/15/18 Preliminary Objections]. In addition to failing to comply with [the trial court's] Order on alternative service, [Ms. Dye] has otherwise failed to comply with the service requirements of the applicable Rules of Civil Procedure related to service of original process and her failure to do so in this instance is fatal to her claims against PMH. Since Plaintiff has not properly served process on PMH, PMH is not within [the trial court's] jurisdiction and the claims asserted against it must be dismissed.

***Id.*** at 4 – 5. Noticeably absent is any reference to ***Lamp***, its progeny, and Ms. Dye's supposed lack of a good-faith in attempting to perfect service.

The trial court accepted PMH's legal argument in full and adopted the company's proposed remedy. It "sustained [PMH's] Preliminary Objections because [Ms. Dye] improperly served her Amended Complaint upon [PMH] and, as a result, the trial court did not have personal jurisdiction over [PMH]." Trial Court Opinion, 2/11/19, at 4. The court opined:

> following the reinstatement of the Amended Complaint on October 24, 2018, [Ms. Dye] posted a copy of the reinstated Amended Complaint at [PMH's] Office on October 26, 2018. But, [she] never mailed a copy of the ***reinstated*** Amended

> Complaint to [PMH's] last known address by regular mail as required by the October 5, 2018 order granting alternative service. [Because Ms. Dye] failed to comply with the [trial court's] October 4, 2018 Alternative Service Order – that is, by both posting it ***and sending it by regular mail*** – service was invalid, and the trial court lacked personal jurisdiction over the Defendant. As a result, the trial court . . . sustained [PMH's] Preliminary Objections and dismissed [Ms. Dye's] Amended Complaint.

*Id.* at 4 – 5 (emphasis in original)

The trial court did not apply the ***Lamp*** Rule. Hence, PMH's reliance on ***Lamp*** and its progeny's abuse-of-discretion standard of review is misplaced.

Additionally, the trial court never made any findings of fact. Relying upon the pleadings and paper record, the trial court made legal interpretations of the Rules of Civil Procedure. Hence, we face a question of law. As with all legal questions, "our scope of review is plenary, and our standard of review is *de novo*." ***Kessock v. Conestoga Title Ins. Co.***, 194 A.3d 1046, 1056 (Pa. Super. 2018).

In Pennsylvania, the remedy for failure to perfect service of process is settled. We have long held that dismissal of a plaintiff's complaint to punish her for improper service is legal error:

> "The suit is not dead merely because the complaint has not been served within thirty days of its filing." ***Lauterbach v. Lauterbach***, 202 Pa. Super. 260, 195 A.2d 159 (Pa. Super. 1963). Under Pa.R.C.P. 401(b), the complaint may be reinstated without requiring that the appellants commence a new lawsuit. ***Sherry v. Trexler-Haines Gas, Inc.***, --- Pa. Super. ---, 541 A.2d 341 (Pa. Super. 1988). The appellants properly followed all the necessary procedures in keeping their cause of action alive. The appellants filed the praecipe for writ of summons and request for service on October 15, 1985. In so doing, they

tolled the applicable statute of limitations, which would not have run until two years from that date. [**Wible v. Apanowicz**, 452 A.2d 545 (Pa. Super. 1982)]. The failure to complete *service* does not affect the appellants' rights to reinstate the complaint within the statutory period.[4]  Rule

---

[4] "Statutory period" does not refer the original statute of limitations.  Rather, the phrase as used here means the **additional** period that a plaintiff has to prefect service following the commencement of a lawsuit.  The Pennsylvania Rules of Civil Procedure provide that a service-of-process period is the same length as the original statute of limitations.  That period may be extended indefinitely, if service cannot be perfected upon an allusive defendant.

As the **Lamp** Court explained:

> filing a praecipe to commence an action is sufficient to toll the running of the statute of limitations and that, although Pa.R.C.P. [401(a)] provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to Pa.R.C.P. [401(b)(1)-(2)], be reissued at any time after the original issuance **during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action**; further, each valid reissuance gives rise to a new, equivalent period during which the writ may again be reissued.

**Lamp v. Heyman**, 366 A.2d 882, 885-886 (Pa. 1976) (emphasis added). However, some plaintiff's (like Ms. Lamp) were exploiting the Rules of Civil Procedure.

"We note that it has become a relatively common practice . . . for attorneys to file a praecipe with the prothonotary to toll the statute of limitations but then, whether because settlement negotiations are in progress or because more time is needed to prepare the case, to delay or prevent service upon the defendant." **Id.** at 886.  A crafty lawyer could file a writ and direct the prothonotary not to forward it to the sheriff for service.  When the writ expired, the lawyer would simply praecipe for its reinstatement and again ask that the prothonotary to withhold it from the sheriff.

No longer willing to permit such gamesmanship, the Supreme Court announced the **Lamp** Rule – "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct

> 401 clearly provides that a complaint which is not served within thirty (30) days of issuance may be reinstated. Although service made after the expiration of the thirty (30) days may be considered void, failure to serve the complaint within that period does not render the complaint a nullity. [**Cannon v. Avco Corporation**, 323 A.2d 290 (Pa. Super. 1974). **See Bowman v. Mattei**, 455 A.2d 714 (Pa. Super. 1983). Based upon the foregoing, we conclude that the trial court erred in granting appellee's motion to strike the complaint on the basis that appellants failed to effectuate service.

**Fox v. Thompson**, 546 A.2d 1146, 1148–49 (Pa. Super. 1988) (footnote omitted).

Here, Ms. Dye's amended complaint alleges one count of negligence by PMH resulting in bodily injury. The statute of limitations for that cause of action is two years. **See** 42 Pa.C.S.A. § 5524(2). Ms. Dye commenced suit by filing a complaint against PMH on June 12, 2018, and she had two years from that date (June 12, 2020) to prefect service on the defendant, provided she made good faith efforts under **Lamp** to do so. Thus, she is clearly still within the time period to perfect her service upon PMH.

Because PMH did not seek and the trial court did not make a factual finding that Ms. Dye's attempted, defective service was not in good faith, a "more appropriate remedy would have been to set aside the service."

---

which serves to stall in its tracks the legal machinery he has just set in motion." **Id.** at 889. In other words, a plaintiff must make a good-faith effort to server process within the relevant time period.

*Frycklund v. Way*, 599 A.2d 1333, 1333 (Pa. Super. 1991). Accordingly, we now modify[5] the appealed from order as follows:

> **AND NOW**, this 10th Day of December, 2018, upon consideration of Defendant PMH Enterprise, LLC's Preliminary Objections, it is hereby **ORDERED** that the Defendant PMH Enterprise, LLC's first preliminary objection is **SUSTAINED**. It is further **ORDERED** that Plaintiff Joyce Fowler Dye's service of process is set aside as improper. Plaintiff Dye may file a praecipe in the Office of Judicial Records of Philadelphia County to reinstate her Amended Complaint and thereafter perfect service upon PMH Enterprise, LLC, under the October 4, 2018 Order of the Court of Common Pleas of Philadelphia County.

Order affirmed as modified. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/19

---

[5] "An appellate court may . . . modify . . . any order brought before it on appeal . . . ." 42 Pa.C.S.A. § 706.