J-A19003-23

2023 PA Super 240

| | | |
|---|---|---|
| BELFOR PROPERTY RESTORATION, A DIVISION OF BELFOR USA GROUP, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 291 EDA 2023 |
| RAVENWOOD MANOR, LLC | : | |

Appeal from the Order Entered December 27, 2022
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-M-0025

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.*

OPINION BY BOWES, J.:                          **FILED NOVEMBER 21, 2023**

Belfor Property Restoration, a Division of Belfor USA Group, Inc. ("Belfor"), appeals from the December 27, 2022[1] order that granted Ravenwood Manor, LLC's  ("Ravenwood") motion to strike Belfor's mechanics' lien claim and denied as moot Ravenwood's other preliminary objections.  We reverse and remand for further proceedings.

Ravenwood came into existence upon the filing of a certificate of organization as a domestic limited liability company on October 28, 2021, listing its registered address as 410 Broad Street in Milford, Pennsylvania, the

---

* Retired Senior Judge assigned to the Superior Court.

[1] The order was filed on December 23, 2022, but service upon the parties was not docketed in accordance with Pa.R.C.P. 236(b) until December 27, 2022. Hence, for purposes of this appeal, the order was entered on December 27, 2022.  **See** Pa.R.A.P. 108(b).

address of attorney Ashley Zimmerman, Esquire. The certificate was amended on November 15, 2021, naming Phyllis Jager as its organizer and sole member. Also on November 15, 2021, Ravenwood acquired by deed a 4.6-acre property located at 3015 Barrington Lane in Allentown, Pennsylvania, for $6.4 million. The following day, the uninsured mansion of more than 36,000 square feet located on the property was significantly damaged by a fire that began in a turret of the structure.

On November 25, 2021, Ms. Jager contracted with Belfor to do demolition and restoration work on the residence. The only address listed in the work authorization contract was 3015 Barrington Lane, and all Belfor's subsequent communications with Ms. Jager occurred through regular mail sent to that address, by telephone, or electronically. Among those communications were periodic invoices. Ravenwood paid three such invoices of nearly $440,000 each. Belfor completed its work on the property on May, 24, 2022, and submitted final invoices claiming an outstanding balance of more than $1 million.

On July 21, 2022, Belfor filed a notice of filing of mechanics' lien claim against Ravenwood in the amount of $1,028,499.62, "for the price and value of materials furnished and delivered in connection with the improvement, erection[,] and/or construction of property and buildings . . . located at 3015 Barrington Lane." Mechanics' Lien Claim, 7/21/22, at unnumbered 1. The Lehigh County Sheriff's Office filed a return of service on the lien claim notice.

Therein, Deputy Sheriff Timothy O'Brian certified that he served the notice on Ravenwood at 3015 Barrington Lane on August 2, 2022, at 11:10 a.m. "by delivering to and leaving with Jason Sedgwick[,] the person in charge to the defendant[,] a true copy thereof, a person over the age of eighteen." Sheriff's Return, 8/9/22. Deputy O'Brian further noted as follows: "No one resides at this property. It is currently vacant. There is a security detail watching the property. A security guard by the name of Jason Sedgwick stated he would accept papers and let the def[endant] know." *Id*.

Belfor filed its complaint to enforce the lien on September 22, 2022. The same day, counsel entered an appearance on behalf of Ravenwood and filed a motion to strike the mechanic's lien claim based upon improper service. While Belfor's response to the motion was outstanding, Ravenwood filed preliminary objections reasserting its motion to strike the lien claim for lack of valid service and objecting to the inclusion of allegedly non-lienable, non-recoverable costs, extra-contract costs, expenses, and claims. After considering legal memoranda and oral argument from both parties, the trial court granted Ravenwood's motion to strike the mechanic's lien and deemed Ravenwood's preliminary objections moot by opinion and order of December 27, 2022.[2] Belfor sought reconsideration, which the trial court denied. This

---

[2] The order is dated December 23, 2022, but the docket indicates that copies were mailed to the parties on December 27, 2022. Accordingly, the latter is the date of entry for purposes of this appeal. *See* Pa.R.A.P. 108(b).

timely appeal followed, and both Belfor and the trial court complied with Pa.R.A.P. 1925.

Belfor presents the following questions for our review:

1. Whether the trial court erred when it based its decision on the fact Belfor's mechanics' lien was not served at Ravenwood's "regular place of business," but where Ravenwood did engage in "activity" at a location where service was made pursuant to Rule 424(2).

2. Whether the trial court erred when it based its decision on the fact there was "no evidence that security guard Sedgwick was an employee of Ravenwood," when the only thing required by ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 700 A.2d 915 (Pa. 1997), is "a sufficient connection between [Sedgwick] and [Ravenwood] to demonstrate that service was reasonably calculated to give [Ravenwood] notice of the action against it."

3. Whether the trial court erred when it decided this case without ordering depositions and/or an evidentiary hearing pursuant to 49 P.S. § 1505 to resolve issues of fact, where Ravenwood's preliminary objection alleged defective service of Belfor's mechanics' lien, but the sheriff's return of service indicated service was proper.

Belfor's brief at 2 (cleaned up).

We begin with a review of the applicable law. We will reverse a trial court's decision to strike a mechanic's lien claim based upon improper service where there has been an error of law or an abuse of discretion. ***Accord Regency Investments, Inc. v. Inlander Ltd.***, 855 A.2d 75, 77 (Pa.Super. 2004) (stating standard of review of orders sustaining preliminary objections for improper service of process).

As our Supreme Court has observed, "a mechanics' lien is an extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy." *Terra Firma Builders, LLC v. King*, 249 A.3d 976, 983 (Pa. 2021) (cleaned up). "Accordingly, a contractor seeking the benefit of the lien must judiciously adhere to the requirements of the Mechanics' Lien Law in order to secure a valid and enforceable lien." *Id*. Those requirements are as follows:

**(a) Perfection of Lien**. To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within six months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty days after service setting forth the date and manner of service. **Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim**.

**(b) Venue; property in more than one county**. Where the improvement is located in more than one county, the claim may be filed in any one or more of said counties, but shall be effective only as to the part of the property in the county in which it has been filed.

**(c) Manner of service**. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.

49 P.S. § 1502 (cleaned up, emphasis added).

Here, Ravenwood did not base its motion to strike upon the timing of Belfor's filing or upon the venue. Rather, the motion to strike solely concerned

the validity of the service of the written notice. In that vein, we observe that because Ravenwood is a limited liability company, service upon it is governed by Pa.R.C.P. 424. That Rule provides as follows:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424. *See also* Pa.R.C.P. 2176 (providing that "corporation or similar entity" includes a "limited liability company").

It is undisputed that Mr. Sedgwick was not an officer, partner, or trustee of Ravenwood, and that he lacked written authorization to act as Ravenwood's agent. Hence, the question is whether he was a "person for the time being in charge of any regular place of business or activity of [Ravenwood.]." Pa.R.C.P. 424(2).

The trial court, relying upon an opinion from the United States Court of Appeals for the Third Circuit and a ruling from a Philadelphia trial court, concluded that the person in charge must be "the person in charge of **the** business, not simply the **place** of business." Trial Court Opinion, 12/27/22, at 6 (emphasis in original) (citing ***Grand Entm't Grp., Ltd. v. Star Media***

***Sales, Inc.***, 988 F.2d 476, 480 (3d Cir. 1993); ***Nahrgang v. Nahrgang***, 86 Pa. D.&C. 135 (Pa.Com.Pl. 1954)). Accordingly, since no evidence established that Mr. Sedgwick was a person for the time being in charge of Ravenwood's **business**, the court deemed that Rule 424(2) was not satisfied.[3]

The trial court contrasted these non-binding cases with a more recent decision from our Supreme Court in ***Cintas Corporation v. Lee's Cleaning Services, Inc.***, 700 A.2d 915 (Pa. 1997). There, Cintas sued Lee's Cleaning for breach of contract. A process server hand-delivered the complaint initiating the action to Virginia Watson, the receptionist at the offices of Lee's Cleaning. Ultimately, the question that brought the case to the appellate courts was whether Watson was the person for the time being in charge of the place of Lee's Cleaning's business such that service was proper under Rule 424(2). Our High Court expounded on the issue as follows:

> While there are few appellate cases interpreting the phrase "person for the time being in charge" in Rule 424(2), Pennsylvania courts addressing this issue have recognized that the purpose of the rule is to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced.[3] ***Grand Entertainment Group***, *supra*; ***Trzcinski v. Prudential Property and Casualty Ins. Co.***, 597 A.2d 687 (Pa.Super. 1991). Thus, in ***Grand Entertainment***, the Court of Appeals for the Third Circuit held that a receptionist, who was located in the lobby of a building where the defendants were tenants and who was not employed by the defendants, did not qualify as a "person for the time being in charge" because she did not have a sufficient connection to the defendants. Similarly, in ***Trzcinski***, the

---

[3] The court additionally indicated in passing its agreement with Ravenwood that 3015 Barrington Lane was not a regular place of Ravenwood's business. ***See*** Trial Court Opinion, 12/27/22, at 4.

Superior Court held that the receptionist of a law firm, which had previously represented the defendant in other matters, was not the "person for the time being in charge" of the defendant's regular place of business. Additionally, in *Fisher v. Kemble Park, Inc.*, 142 A.2d 353 (Pa.Super. 1958), where the court interpreted the same language in . . . a predecessor to Pa.R.C.P. 424(2), the court held that service on a janitor in a building owned by the defendant was not sufficient. However, where service was made on a receptionist in the defendant's offices and the receptionist represented to the process server that she was the person in charge, the Superior Court held that service was proper. *Hopkinson v. Hopkinson*, 470 A.2d 981 (Pa.Super. 1984). The common thread among these cases is that there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it.

_____
[3] We note that a leading commentator on Pennsylvania practice has stated the following concerning the interpretation of a "person in charge for the time being" pursuant to Pa.R.C.P. 424(2):

> It should not be possible for a defendant to avoid a valid service of original process by the device of placing an office or usual place of business under the control of a subsidiary or minor employee and thereafter taking the position that such person did not bear a proper relationship to the company so that service upon him or her would be sufficient to assure the requisite notice to the company.

Goodrich Amram 2d § 424(2):2 (1991).

*Cintas, supra* at 919–20 (some citations modified or omitted). Applying this analysis to the facts of the case before it, the *Cintas* Court ruled that it was "more akin to *Hopkinson* than *Grand Entertainment*, *Trzcinski* or *Fisher*."

*Id*. at 920. Specifically, the Court observed:

> Although the return of service here did not allege that Watson expressly represented that she was the person in charge, Cintas

- 8 -

supplied this fact in a subsequent affidavit by Albert Zavodnick filed with its response to Lee's Cleaning's petition to strike. In the affidavit, Albert Zavodnick states that Watson "identified herself as the person in charge of the business at the aforesaid address, known as Lee's Cleaning Services, Inc."

*Id*. On that basis, the Court held that service was proper. *Id*.

Relying on *Cinta*s, Belfor argues that the service in this case was proper because it was reasonably calculated to put Ravenwood on notice of the lien claim. *See* Belfor's brief at 16-17. It asserts that 3015 Barrington Lane was a regular place of Ravenwood's business or activity since the purchase, improvement, and securing of the property on which Belfor performed its work was the only purpose of the company. *Id*. at 15. Further, that was the address Ravenwood listed on the deed by which Ravenwood acquired the property at 3015 Barrington Lane. *Id*. at 14 ("Ravenwood's deed on file with the Commonwealth states on the notary page: "I HEREBY CERTIFY that the precise address of the Grantee [Ravenwood] is 3015 Barrington Lane, Allentown, PA 18103." (citation omitted)). Indeed, Belfor posits that the Allentown property was the only address at which service was possible, given that Ravenwood's registered address in Milford was the office of Attorney Zimmerman, who was not an agent authorized to accept service for Ravenwood. *See id*. at 12-13 (citing 15 Pa.C.S. § 8825).[4]

_____

[4] This statute mandates that all limited liability companies must "continuously maintain in this Commonwealth a registered office which may, but need not,
*(Footnote Continued Next Page)*

Belfor further maintains that, pursuant to **Cintas**, Mr. Sedgwick was the person in charge of 3015 Barrington Lane for the time being when service was effectuated. It observes that the return of service indicated that Mr. Sedgwick was the only person at the property when Deputy O'Brian served him there at 11:10 on a Tuesday morning; that Deputy O'Brien viewed Mr. Sedgwick as the person in charge; and that Mr. Sedgwick represented that he would accept the papers and provide the notice to Ravenwood. **See** Belfor's brief at 16-17. **See also** Return of Service, 8/9/22. Belfor contends that the fact that Mr. Sedgwick was not an employee of Ravenwood, but rather of the security business Ravenwood hired to secure the location, was not dispositive. **Id**. at 14. Belfor insists that this relationship was sufficient to meet **Cintas**'s requirement that there was "'a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice.'" **Id**. (quoting **Cintas**, **supra** at 920).

---

be the same as its place of business." 15 Pa.C.S. § 8825(a). However, the comment to the statute explains:

> The only purpose of the registered office location of a limited liability company under Chapter 88 is to determine venue in actions involving the company under Pa.R.C.P. 2179(a)(1) and the definition of "court" in 15 Pa.C.S. § 102. . . .
>
> It is not intended that a bare registered office necessarily constitutes the type of regular place of business contemplated by Pa.R.C.P. 424(2) for purposes of service of process.

15 Pa.C.S. § 8825 (Committee Comment — 2022) (citations modified).

We agree with Belfor that service here was proper. First, we conclude that 3015 Barrington Lane was a regular place of business or activity for Ravenwood. From the evidence in the certified record, Ravenwood held that address out as that of company, both to Belfor in its contract and to the world through its deed. The timing of its formation indicated that Ravenwood was created as a limited liability company for the sole purpose of acquiring and operating the real estate in question. Nothing in the certified record suggests that Ravenwood had any other place of business, and its registered address— that of its attorney— was merely for purposes of establishing venue. In short, Ravenwood was 3015 Barrington Lane and 3015 Barrington Lane was Ravenwood.

Second, regarding whether Mr. Sedgwick was a person for the time being in charge of 3015 Barrington Lane, we find the instant case akin to *Cintas* and materially distinguishable from the non-binding cases relied upon by the trial court. *Grand Entertainment* involved service upon a receptionist in the lobby of a building in which the defendants were tenants. In *Trzcinski*, the served receptionist worked for a law firm that had a prior relationship with the defendant. In neither case was the person served placed there by the defendant for the purpose of maintaining the defendant's presence at the place of business. Here, as in *Cintas*, the person served not only was placed at the defendant's address by the defendant, but presented to the process server as the person in charge of that location for the time being. Hence, we

agree with Belfor that there was sufficient connection between Mr. Sedgwick and Ravenwood to demonstrate that service was reasonably calculated to give Ravenwood notice of the lien.[5] **Cintas**, **supra** at 920.

Accordingly, we conclude that the trial court erred in striking Belfor's mechanics' lien claim for improper service. Therefore, we reverse the order granting Ravenwood's motion to strike Belfor's mechanic's lien claim. As a result, the preliminary objections filed by Ravenwood attacking Belfor's claim on bases other than improper service are no longer moot. Rather than determine whether Belfor's claim was properly stricken upon other grounds asserted by preliminary objection as advocated in the alternative by

_____

[5] We are unpersuaded by Ravenwood's argument that **Cintas** is inapplicable because the case involved service of a complaint in civil action and not a mechanics' lien claim which requires strict compliance. **See** Ravenwood's brief at 13-14. As noted above, the Mechanics' Lien Law requires that service be made "by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement." 49 P.S. § 1502(c). The manner of service upon a limited liability company for a writ of summons in assumpsit is governed by Pa.R.C.P. 424. **Cintas** speaks to the propriety of service under Rule 424(2). Hence, strict compliance with **Cintas** amounts to strict compliance with the mandates of the Mechanics' Lien Law as to the manner of service. We further reject as unreasonable Ravenwood's argument that, since it actually had no place of business or regular activity where an individual could be served in accordance with Rule 424, the only way Ravenwood could have complied with the service requirement of the Mechanics' Lien Law was to bypass Mr. Sedgwick and fasten the notice to the side of the vacant mansion, rather than hand it directly to the person Ravenwood posted at the property to secure it. **See**, **e.g.**, **In re Estate of Ruhlman**, 291 A.3d 916, 921 (Pa.Super. 2023) ("[W]hen interpreting a statute, we must presume that the Legislature did not intend to produce an absurd or unreasonable result." (cleaned up)).

Ravenwood,[6] we remand this case to the trial court to rule upon those preliminary objections in the first instance.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2023

---

[6] *See* Ravenwood's brief at 18-26.