616 A.2d 177

**PEOPLE, PROPERTY OWNERS AND CITIZENS OF the PLEASANT VALLEY SCHOOL DISTRICT**

v.

**Gail BURNEY et al.**

**PROPERTY OWNERS, RESIDENTS AND/OR TAXPAYERS OF the PLEASANT VALLEY SCHOOL DISTRICT and Michael Vianello**

v.

**Bonnie L. KNEEBONE RUDDICK et al.**

**Appeal of Michael VIANELLO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1992.

Decided Oct. 9, 1992.

---

Michael Vianello, appellant, pro se.

Marie M. Chesterton, for appellees.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

People, Property Owners and Citizens of the Pleasant Valley School District and Michael Vianello (Appellants) appeal from the orders of the Court of Common Pleas of Monroe County entering judgment of non pros in favor of Gail Burney, John Nye, Leon Barlieb, Bonnie L. Kneebone Ruddick, Ken Reid, Dan Corveleyn, Francis Dorshimer, and the Pleasant Valley School District (collectively Appellees). The issue to be considered by this Court is whether the trial court abused its discretion by entering judgment of non pros. For the following reasons, the trial court's orders are reversed.

On June 11, 1987, Appellants filed a complaint against the school district and its officers alleging violations of various statutory procedures in the course of conducting the school district's operations. On June 22, 1987, Appellants filed a second complaint which, inter alia, sought money damages from various public officials. Appellants did not effect service of the complaints within thirty days of their filing and on July 23, 1987, they filed a praecipe to reinstate the complaints. On November 10, 1987, Appellees filed a petition to issue upon Appellants a rule to show cause why judgment of non pros should not be entered. A rule returnable was issued upon Appellants which they answered on December 7, 1987. In the interim, Appellants once again reinstated their complaints on December 1, 1987.[1]

---

1. Although Appellants claim to have served the complaints on Appellees on December 1, 1987, there is no docket entry, no sheriff's return of service, and no other indication in the record that this is so.

On June 17, 1988, the trial court entered its order granting Appellees' motions for judgment of non pros. The trial court held that Appellants failed to serve Appellees within a reasonable time, that Appellants provided no reasonable excuse for their delay in serving Appellees, and that Appellants' unreasonable delay in an action against public officials for injunctive relief and damages because of their official actions is prejudicial per se. Appellants appealed to this Court.

■■■■ The decision to enter a judgment of non pros because of the failure of a party to proceed with its action within a reasonable time rests within the discretion of the trial court. *First Valley Bank v. Steinmann*, 253 Pa.Superior Ct. 8, 384 A.2d 949 (1978). The exercise of this discretion will not be disturbed on appeal unless it is apparent that there has been an abuse of that discretion. *Id.* A court may properly enter a judgment of non pros when a party to the proceedings has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay which has caused some prejudice to the adverse party such as death of or unexplained absence of material witnesses. *James Bros. Lumber Co. v. Union Banking & Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968); *Cathcart v. Keene Industrial Insulation*, 324 Pa.Superior Ct. 123, 471 A.2d 493 (1984). It is clear that a party must show each of these elements in order to sustain a judgment of non pros. *See Cannon v. Avco Corp.*, 227 Pa.Superior Ct. 419, 323 A.2d 290 (1974).

■■■■ In the matter sub judice, the trial court's granting of motions for non pros was premature. Consideration must be given to Pa.R.C.P. No. 401, which provides, inter alia, that process shall be served within thirty days after the filing of the complaint; however, if service is not made within that time, the party may reinstate the complaint. Although Rule 401(a) requires service within thirty days, the suit is not dead merely because the complaint has not been served within thirty days of its filing. *Fox v. Thompson*, 377 Pa.Superior Ct. 39, 546 A.2d 1146 (1988). All that is required to extend the time for service is to reinstate the complaint before service

is again attempted. *Sherry v. Trexler–Haines Gas, Inc.,* 373 Pa.Superior Ct. 330, 541 A.2d 341 (1988). A complaint not served within thirty days after filing may be reinstated at any time or any number of times after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the underlying action. Pa.R.C.P. No. 401(b)(2); *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976); *Smith v. City of Philadelphia,* 148 Pa.Commonwealth Ct. 84, 609 A.2d 873 (1992).

Rule 401 permits a plaintiff to commence an action and to keep it alive until he or she serves the defendant. *Lamp.* However, the potential for abuse of this rule is tempered by the doctrine of non pros for unreasonable delay in prosecution. *Id.* Although there is no fixed rule as to the length of delay that will obviate the entry of a judgment of non pros, *Talbot v. Delaware County Trust Co.,* 384 Pa. 85, 119 A.2d 518 (1956), the record in this case does not demonstrate a finding of unreasonable delay in Appellants' prosecution of their case. Appellees' petition to show cause was filed less than five months after the filing of the initial complaint, and less than three and one-half months after Appellants' first reinstatement.

A thorough review of cases in which non pros has been entered shows that it is generally entered after long periods of dormancy or lengthy inactivity after the initiation of an action. Indeed, in all cases reviewed it has been a matter of *years* of inactivity, rather than months. *See Metz Contracting, Inc. v. Riverwood Builders, Inc.,* 360 Pa.Superior Ct. 445, 520 A.2d 891, *appeal denied,* 515 Pa. 623, 531 A.2d 431 (1987) (no activity taken for almost three and one-half years); *Cathcart* (over four years of inactivity); *Moore v. George Heebner, Inc.,* 321 Pa.Superior Ct. 226, 467 A.2d 1336 (1983) (over eight years of lack of progress); *James Bros.* (no progress in the matter for over ten and one-half years). Appellants twice reinstated their complaints well within the limitations imposed by Rule 401 and exhibited no lengthy period of inactivity.

Furthermore, Appellees failed to adequately show prejudice caused by Appellants' delay. Appellees merely stated in their

petition for entry of non pros that they will be prejudiced by Appellants' delay. Such broad allegations, in the absence of any supporting evidence, are insufficient in and of themselves to show prejudice. *Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Superior Ct. 400, 581 A.2d 193 (1990), *appeal denied*, 527 Pa. 650, 593 A.2d 422 (1991); *Cannon.* Appellees offer in their brief to this Court that Appellants' delay causes prejudice by diminishing Appellees' ability to effectively serve the public. The trial court agreed and stated: "The conduct of the public's business should not be held hostage by litigation by the discontented who have not been elected to perform such duties." Trial Court Opinion, p. 4. These statements, however, misinterpret the meaning of prejudice as applied in this situation.

Prejudice can be said to have attached if any substantial diminution of a party's ability to properly present its case at trial results. *Metz Contracting; Moore.* Since Appellees failed to establish any substantial diminution of their ability to defend the action, they have failed to satisfy the elements necessary for a grant of non pros.[2] The trial court's order is therefore reversed.

## ORDER

AND NOW, this 9th day of October, 1992, the orders of the Court of Common Pleas of Monroe County dated June 17, 1988 are reversed, and this case is remanded to the court for further proceedings.

Jurisdiction relinquished.

KELLEY, Judge, dissenting.

I must respectfully dissent. The majority concludes that the trial court erred in entering judgment of non pros for

---

2. In their answer to the petition to show cause, Appellants did not offer a reason for their delay. In light of the short time span involved in this matter, and considering that Appellees failed in satisfying all of the elements necessary for granting judgment of non pros, it was unnecessary for Appellants to justify their delay because it was well within the limitations imposed by Pa.R.C.P. No. 401. Appellants' remaining issues need not be addressed in light of this Court's holding.

appellees because Vianello, the plaintiff below, had timely reinstated the complaint and because a period equal to the limitations period for the underlying action had not passed.

In *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), our Supreme Court reaffirmed that the filing of a complaint within the applicable limitations period serves to toll the statute of limitations. Where service is not effected within thirty days after the filing of the complaint, a plaintiff may reinstate the complaint at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action. Furthermore, each valid reissuance gives rise to a new equivalent period during which the complaint may again be reinstated.

The Supreme Court recognized, however, that there is "too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." *Id.* at 477, 366 A.2d at 888. Accordingly, the court in *Lamp* issued the prospective rule that henceforth, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 478, 366 A.2d at 889.

The Superior Court has applied *Lamp* to require a good faith effort on the part of the plaintiff to effect service. In *Jacob v. New Kensington Y.M.C.A.*, 312 Pa.Superior Ct. 533, 459 A.2d 350 (1983), the majority found that *Lamp* must be applied on a case-by-case basis in order to determine whether plaintiff has made a good faith effort to effectuate service. *Id.* at 538, 459 A.2d at 354. More recently, the Superior Court has construed *Lamp* as placing the burden on the plaintiff to show a good faith effort in attempting service. *Feher by Feher v. Altman*, 357 Pa.Superior Ct. 50, 515 A.2d 317 (1986).

I believe that the facts of this case must also be examined in order to determine whether the trial court abused its discretion in entering the non pros. This is not a case where the

service could not be effected because defendants could not be found. Nor has Vianello offered any reasonable excuse for his failure to serve appellees. Rather, it appears that Vianello initiated this action, then sought publicity through the local media based on the pending suit, rather than attempting to serve appellees with the complaint.

Based on these facts, I would conclude, as did the trial judge, that no good faith effort to effect service was made, and affirm the trial court's entry of a judgment of non pros.