Arlene EDMOND, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION
AUTHORITY.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1994.
Decided Dec. 12, 1994.

Harry J. Sher, for appellant.

Joan A. Zubras, for appellee.

Before SMITH and FRIEDMAN, JJ., and SAMUEL L. RODGERS, Senior Judge.

FRIEDMAN, Judge.

Arlene Edmond appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) granting a Motion for Summary Judgment filed by Southeastern Pennsylvania Transportation Authority (SEPTA). We affirm.

On December 21, 1992, Appellant filed a complaint against SEPTA, alleging that she was injured on December 24, 1990 when she

**646** ■

tripped and fell at SEPTA's North Hills Station due to a defective condition of the premises. Appellant did not serve SEPTA with a copy of the Complaint within the prescribed time period;[1] therefore, on March 26, 1993, Appellant reinstated the Complaint pursuant to Pa.R.C.P. No. 401(b)(1)[2] and effectuated service thereafter.

■ On June 4, 1993, SEPTA filed an Answer and New Matter with an endorsed notice to plead, alleging that because Appellant made no attempt to serve the original Complaint on SEPTA, Appellant's claim is barred by the statute of limitations.[3] On October 6, 1993, SEPTA filed a Motion for Summary Judgment, alleging that because Appellant failed to file a responsive pleading to SEPTA's New Matter, the averments made therein are deemed admitted.[4] In particular, SEPTA asserted that Appellant admitted by operation of law that she made no

attempt to serve the original Complaint on SEPTA; thus, Appellant's claim is time barred by the statute of limitations.

On October 20, 1993, Appellant filed a reply to SEPTA's New Matter and, on November 8, 1993, Appellant filed a response to SEPTA's Motion for Summary Judgment, attaching thereto an affidavit asserting that Appellant did attempt to effectuate service of the original Complaint on SEPTA. The trial court granted summary judgment in favor of SEPTA on November 12, 1993.

■ On appeal,[5] Appellant argues that the trial court committed an error of law or abused its discretion by granting summary judgment because it is an uncontroverted fact that Appellant acted in good faith to effectuate service of the original Complaint.[6]

■ Initially, we note that Pa.R.C.P. No. 1007 provides that "[a]n action may be com-

---

1. Appellant's counsel claims that, on December 23, 1992, he mailed a copy of the Complaint to a private process server, MD Legal Services, Inc. (MD Legal), with instructions to serve SEPTA within thirty days from the filing of the Complaint. (Affidavit, No. 6; R.R. 34a.) Appellant's counsel further maintains that he did not attempt to ascertain whether service was effectuated until his return from vacation in March of 1993, at which time he discovered that MD Legal had not served the Complaint on SEPTA. (Affidavit, Nos. 8–9; R.R. at 34a.)

2. Pa.R.C.P. No. 401(b)(1) states in pertinent part: If service within the Commonwealth is not made within the time prescribed ... the prothonotary ... shall continue its validity by ... reinstating the complaint....

3. The statute of limitations for personal injury claims is two years. *See* section 5524 of the Judicial Code, 42 Pa.C.S. § 5524.

4. Pa.R.C.P. No. 1026(a) (emphasis added) states:
   (a) Except as provided in subdivision (b) [pertaining to service outside the United States], every pleading subsequent to the complaint shall be filed *within twenty days* after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is *endorsed with a notice to plead.*
   Because SEPTA's Answer and New Matter was endorsed with a notice to plead, Appellant had to file a reply within twenty days, which Appellant failed to do. Moreover, Pa.R.C.P. No. 1029(b) states in pertinent part:
   (b) Averments in a pleading to which a responsive pleading is required are admitted when

not denied specifically or by necessary implication....
   *See* 3 Goodrich–Amram 2d § 1029(b):5: "A plaintiff's failure to reply in a timely manner to a defendant's new matter results ... in admission of factual averments...."

5. Our scope of review from the grant of a motion for summary judgment is limited to a determination of whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth 99, 632 A.2d 1002 (1993), *appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. No. 1035(b).

6. Appellants also argue that because SEPTA failed to take depositions within fifteen days of its motion for summary judgment in accordance with Pa.R.C.P. No. 209, all averments in Appellant's response to the motion are deemed admitted. However, Rule 209 does not apply here.
   Rule 209 governs the "Duty of [a] Petitioner to Proceed after [an] Answer [is] Filed." Pa.R.C.P. No. 209. The procedure is primarily used as a fact-finding mechanism when certain factual issues remain unclear and in dispute after the parties have filed a petition and answer. *Urban v. Urban,* 332 Pa. Superior Ct. 373, 481 A.2d 662 (1984). The rule is not applicable to a motion for summary judgment, the latter being governed instead by Pa.R.C.P. No. 1035.

menced by filing with the prothonotary . . . a complaint." Although Pa.R.C.P. No. 401 requires service within thirty days, the suit is not dead merely because the complaint was not served within thirty days of filing. *See People, Property Owners and Citizens of Pleasant Valley School District v. Burney,* 151 Pa.Commonwealth Ct. 124, 616 A.2d 177 (1992), *appeal granted,* 535 Pa. 650, 633 A.2d 154 (1993). "All that is required to extend the time for service is to reinstate the complaint before service is again attempted." *Id.* 151 Pa.Cmwlth. at 127, 616 A.2d at 179; *see also* Pa.R.C.P. No. 401(b)(2).

In *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), our Supreme Court established the standard for determining whether an action is time barred because a reinstated complaint was served after the statute of limitations expired. In articulating the rule, the Court stated:

> Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a *good-faith effort* to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.
>
> Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, . . ., a [complaint] shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

*Id.* 469 Pa. at 478, 366 A.2d at 889 (emphasis added). The trial court must determine in its sound discretion whether a plaintiff made a good-faith effort to effectuate notice. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986).

Appellant argues that the trial court committed an error of law or abused its discretion in granting summary judgment because it is an uncontroverted fact that Appellant acted in good faith to effectuate service of the Complaint. We disagree.

In this case, when Appellant failed to reply within the prescribed time period to SEPTA's New Matter, which was endorsed with a notice to plead, SEPTA's averment that Appellant made no attempt to serve the Complaint was deemed admitted. Thus, Appellant admitted by operation of law that she made no attempt whatsoever to serve the Complaint on SEPTA. Appellant's late reply to SEPTA's New Matter, denying SEPTA's allegation, has no legal effect because the pleadings were already closed. Thus, because Appellant admitted that she made no attempt to serve the Complaint on SEPTA, Appellant's Complaint is barred by the statute of limitations.[7]

Accordingly, we affirm.

### ORDER

AND NOW, this 12th day of December, 1994, the order of the Court of Common Pleas of Philadelphia County, dated November 12, 1993, is AFFIRMED.

ROGERS, Senior Judge concurs in the result only.

---

7. Furthermore, Appellant's affidavit in opposition to SEPTA's motion for summary judgment cannot defeat the motion in this case.

> Despite the general rule against resolving credibility issues on a motion for summary judgment, where the [averment] in an opposing party's affidavit is contradicted by his or her own prior statements in the record, such that the statement in the affidavit can not reasonably be believed, summary judgment may be granted.

3 Goodrich–Amram 2d § 1035(b):14. Here, the assertions in the affidavit which support Appellant's contention that she made a good faith effort to serve the Complaint directly contradict Appellant's prior admission that she made no attempt to serve the Complaint. Thus, the statements in the affidavit cannot reasonably be believed. Accordingly, summary judgment may be granted.