# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane Sigman,             :
         Petitioner        :
                         :
           v.               :    No. 607 M.D. 2018
                         :    Submitted: October 18, 2019
Pa Dept of Corrections, John Wetzel et   :
SCI Laurel Highlands,           :
          Respondents    :


BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                **HONORABLE ELLEN CEISLER,** Judge


**<u>OPINION NOT REPORTED</u>**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: May 4, 2020**


Before this Court in its original jurisdiction is a Motion for Special Relief in the Nature of Judgment on the Pleadings (Motion) filed pursuant to Pennsylvania Rule of Appellate Procedure 1532, Pa.R.A.P. 1532, by the Pa Department of Corrections (Department), John Wetzel (Secretary of Corrections), and State Correctional Institute (SCI) Laurel Highlands (Facility) (collectively, Respondents) to the pro se Petition for Review (Petition) of Shane Sigman. In the Petition, Sigman, an inmate confined in the Facility, challenges Respondents' deduction of funds from his inmate account to pay for court costs and restitution related to his criminal convictions. Sigman claims the Court of Common Pleas of Lancaster County (sentencing court) directed the payment of such amounts after Sigman was released

from incarceration, not while he was incarcerated. Respondents assert in the Motion that there are no material facts in dispute and they are entitled to judgment as a matter of law because the Petition, having been filed more than two years after the first deduction was made, is time barred.

On September 17, 2018, Sigman filed the Petition, seeking an order from the Court directing the Facility's business manager "[t]o cease and desist from deducting funds from [Sigman's] inmate prison account for [the] purpose of paying court cost[s] and restitution" from his criminal case and sending those funds to the Lancaster County Court and Fines Office. (Petition at 1.) In support of his requested relief, Sigman avers the following. On September 30, 2013, he was sentenced by Judge James Cullen to 15 to 30 years' imprisonment based on his guilty plea to murder in the third degree. (*Id.* at 1-2.) Judge Cullen also sentenced Sigman to 6 to 12 months' incarceration, to run concurrently with the other sentence, based on Sigman's guilty plea to simple assault. (*Id.* at 2.) At the time of sentencing, Judge Cullen stated in the "sentencing coll[oquy] that said cost[s] had to be paid during incarceration [sic] but rather at [the] end of supervision." (*Id.*) This was referencing the costs "required by Section 9728 [of the Sentencing Code, 42 Pa.C.S. § 9728,] Collection of Restitution, Reparations, [F]ee[s], Cost[s], Fines and Pen[]alties" (Act 84). (*Id.*) Respondents' actions, in deducting the funds from Sigman's inmate account to pay for his costs and restitution while he is incarcerated, are contrary to Judge Cullen's September 30, 2013 order, which Judge Cullen did not amend within the permissible time period so as to authorize the deductions. (*Id.* at 3.) The Petition then sets forth the provisions of Sections 9758 and 9759 of the Sentencing Code, 42 Pa.C.S. §§ 9758, 9759, relating, respectively, to the imposition of fines and what constitutes the record at a sentencing proceeding. (*Id.* at 2-3.)

2

Respondents filed preliminary objections to the Petition, which this Court overruled by order dated January 14, 2018. Respondents filed an Answer with New Matter. In the Answer, Respondents admit the facts regarding Sigman's sentencing, but contend they are without sufficient information to "admit or deny the averment concerning what the sentencing judge may have indicated on the record at the time of sentencing." (Answer and New Matter ¶¶ 1-2.) However, they aver that "based on the information available to Respondents, it is denied that [Sigman's] court costs were ordered to be paid at the end of supervision." (*Id.* ¶ 2.) Respondents denied the remaining allegations as either conclusions of law, to which no response is required, or as being requests for relief.

In their New Matter, Respondents aver as follows. At the time of Sigman's sentencing, he was ordered to pay costs and restitution, as shown in Department form DC-300B, which is attached to the Answer and New Matter as Exhibit A, and sent from the Court of Common Pleas of Lancaster County Clerk of Court's Office. The DC-300B form indicated that Sigman owed $644.25 in court costs, $7219.07 in restitution, and $60.00 for the Crime Victim Compensation Fund (CVCF). (*Id.* ¶ 5; Ex. A.) Per that form, "[t]he sentencing court directed that restitution was to be paid in 'equal, monthly installments'" and "was to 'be paid in full within the period of supervision.'" (*Id.* ¶ 3; Ex. A.) The sentencing "court further ordered a '[p]ayment plan to be established by P/P Services Collections Enforcement Unit.'" (*Id.* ¶ 4; Ex. A.) This information "does not indicate that the court intended for payment of the costs to occur at the conclusion of [Sigman's] period of supervision." (*Id.*) The Department created a subaccount for the Act 84 and CVCF deductions on November 7, 2013, and began taking Act 84 deductions on November 27, 2013. (*Id.* ¶¶ 6, 9; Ex. B.) All of the Act 84 deductions for restitution and court costs were forwarded

to Lancaster County, Respondents receive no benefit from the deductions, and they have acted "in good faith fulfillment of their responsibilities and within the bounds of reason." (*Id.* ¶¶ 10-11, 14.) Sigman paid the CVCF fee in full as of February 6, 2014. (*Id.* ¶ 8.) Sigman "never filed a grievance challenging or contesting the accuracy of the documentation supplied by the Clerk of Court," the DC-300B form. (*Id.* ¶ 7.) In addition to the DC-300B form, Respondents attached to the Answer and New Matter copies of Sigman's subaccount (Exhibit B), and a listing of Sigman's grievances (Exhibit C).

Respondents also assert affirmative defenses in their New Matter. First, Respondents contend that Sigman's "claims are barred by the statute of limitations." (*Id.* ¶ 12.) Second, because Sigman is alleging that the deductions from his account are an intentional taking that are in the scope of Respondents' duties, which do not fall within any exception to the doctrine of sovereign immunity as set forth in Section 8522(b) of the act commonly known as the Sovereign Immunity Act, 42 Pa.C.S. § 8522(b), Respondents are entitled to sovereign immunity. (Answer and New Matter ¶ 13.)

Sigman filed a response to the Answer and New Matter. Therein, Sigman contends that Respondents' Answer "further proves [his] case has merit" because Respondents admitted to deducting funds from Sigman's account, provided proof of the deductions they have made from Sigman's account, and provided "'no' proof of [an] order from [the sentencing] court to deduct funds." (Sigman's Response at 1.) Instead, Sigman alleges that the paperwork did not include any payment amounts or a start date and states that he was to make "equal installment payment[s] to be completed upon end of supervision." (*Id.*) Therefore, Sigman avers, Respondents have "failed to prove when trial court payments are to be taken from [his] Inmate

4

Account." (*Id.* at 2.) As for Respondents' reference to the lack of a filed grievance, Sigman argues the issue before the Court involves a constitutional violation and should be addressed in a court, not through the grievance system. (*Id.*) According to Sigman, Respondents are not entitled to sovereign immunity because they are not a part of the United States. (*Id.*) Finally, Sigman contends the payment of costs and restitution should be determined between the sentencing court and the defendant, and that the Department, which is responsible for the incarceration and rehabilitation of inmates, should not be involved in that arrangement. (*Id.* at 2-3.) Respondents' involvement and actions, Sigman argues, deprive him of his personal property in violation of his constitutional right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution.[1] (*Id.* at 3.) Therefore, Sigman reiterates his request that the Court direct Respondents to cease and desist making the deductions and return the money already deducted. (*Id.*) Following his response to the Answer and New Matter, Sigman submitted additional documents to be considered as part of his Petition, including lists of all of the deductions from Sigman's inmate account between October 31, 2013, and October 3, 2019, reflecting that the earlier deductions were not Act 84 deductions and that the "initial" Act 84 deduction occurred on November 27, 2013. He also submitted the results of a grievance regarding the Act 84 deductions he filed since Respondents filed their Answer and New Matter.

On July 1, 2019, Respondents filed the Motion and an accompanying brief. Respondents first state that Sigman did not reply to the New Matter, in which it raised the defense of the statute of limitations, and, therefore, Sigman is deemed to have admitted the facts therein pursuant to Pennsylvania Rule of Civil Procedure

---

[1] The Fourteenth Amendment provides, in relevant part, that no State "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

5

1029, Pa.R.C.P. No. 1029. Based on the undisputed facts that the Act 84 deductions began on November 27, 2013, and Sigman did not file this matter until September 2018, Respondents move for special relief in the nature of judgment on the pleadings because Sigman's challenge to those deductions is subject to a two-year statute of limitations and that limitations period had expired by the time he filed the Petition. *See Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016). Per *Morgalo*, Respondents argue, the two-year time period begins to run when the first deduction is taken, here November 27, 2013, making Sigman's September 12, 2018 Petition time barred.

Sigman responds that his arguments have merit, he has a right to be heard, and he has the right to challenge the taking of his personal property in violation of his constitutional rights to due process. Sigman argues the merits as to why these deductions violate his rights due to the lack of a hearing prior to the deductions being taken, a right confirmed by our Supreme Court in *Bundy v. Wetzel*, 184 A.3d 551 (Pa. 2018), and because deductions are being taken from personal gifts. (Sigman's Brief at 7-8.) With regard to Respondents' statute of limitations argument, Sigman states he has filed a Post Conviction Relief Act[2] (PCRA) challenge to his convictions that is currently before the Superior Court, which overcomes the statute of limitations issue. He further argues that each deduction constitutes a new violation. Accordingly, Sigman requests that the Court dismiss the Motion and schedule further proceedings on the Petition.

A motion for special relief filed under Appellate Rule 1532 that seeks judgment on the pleadings is treated as a motion for judgment on the pleadings under Pennsylvania Rule of Civil Procedure 1034, Pa.R.C.P. No. 1034. Under that

---

[2] 42 Pa.C.S. §§ 9541-9546.

standard, a party may move for judgment on the pleadings once "the relevant pleadings are closed, but within such time as not to unreasonably delay the trial." *Id.* "A motion for judgment on the pleadings is in the nature of a demurrer"; thus, "all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him." *Trib Total Media, Inc. v. Highlands Sch. Dist.*, 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010). In reviewing a motion for judgment on the pleadings, we "may only consider the pleadings themselves and any documents properly attached thereto." *Id.* The motion should only be granted "when the pleadings show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Where "material issues of fact [are] in dispute, judgment on the pleadings cannot be entered." *Pfister v. City of Philadelphia*, 963 A.2d 593, 597 (Pa. Cmwlth. 2009).

Respondents assert that because Sigman did not respond to their New Matter, he has admitted the averments therein, including that they began deducting funds from Sigman's inmate account as of November 27, 2013. Pursuant to Pennsylvania Rule of Civil Procedure 1029(a), "a responsive pleading shall admit or deny each averment of fact in the preceding pleading." Pa.R.C.P. No. 1029(a). Further, "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. No. 1029(b). We have previously held that a party's failure to reply to new matter permits the "trial court to treat averments contained therein as admitted and authorizes judgment on the pleadings." *Fox v. Pocono Springs Civic Ass'n, Inc.*, 695 A.2d 484, 485 n.1 (Pa. Cmwlth. 1997); *see also Edmond v. Se. Pa. Transp. Auth.*, 651 A.2d 645, 647 (Pa. Cmwlth. 1994) (holding that where a party fails to reply to a new matter,

7

endorsed with a notice to plead, the averments in the new matter are deemed admitted).

Preliminarily, we note that Respondents' Answer and New Matter was not endorsed with a notice to plead, which means no response was required. Pa.R.C.P. No. 1029. Nevertheless, contrary to Respondents' contention, Sigman did respond to their New Matter. His response did not deny the allegations set forth in the New Matter, instead maintaining that those allegations actually supported his position that Respondents were taking deductions from his inmate account without having express authorization from the sentencing court to do so. Importantly, Sigman does not dispute that Respondents began taking deductions from his inmate account on November 27, 2013. Sigman's own filings with this Court, in particular, the copy of his inmate account, confirm that this was the first Act 84 deduction. (March 15, 2019 Filing by Sigman at 2.) Therefore, there can be no genuine dispute as to the date of the first Act 84 deduction from Sigman's inmate account.

We now turn to Respondents' assertion that they are entitled to judgment on the pleadings because the Petition is time barred. In general, "a statute of limitations period begins to run when a cause of action accrues; i.e., when an injury is inflicted and the corresponding right to institute a suit for damages arises." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). Typically, "once the prescribed statutory period has expired, the complaining party is barred from bringing suit." *Id.*

In *Morgalo*, we considered what statute of limitations would apply to actions involving Act 84 deductions. 134 A.3d at 1145. In that case, an inmate, like Sigman does here, sought an order requiring that the Department stop all Act 84 deductions and return the money already deducted from his account. *Id.* After examining various statutes of limitations, we held that Section 5524(6) of the Judicial Code, 42

8

Pa.C.S. § 5524(6), applied to the inmate's action. *Morgalo*, 134 A.3d at 1149. Section 5524(6) of the Judicial Code provides that "[a]n action against any officer of any government unit for the nonpayment of money or the non[-]delivery of property collected upon on execution or otherwise in his possession" "must be commenced within two years." 42 Pa.C.S. § 5524(6). Because the inmate's action in *Morgalo* was against an accounting officer at a state correctional institution, we held that the action was against an officer of the Commonwealth for the purposes of Section 5524(6) of the Judicial Code. 134 A.3d at 1148. Further, because the Department made monetary deductions from the inmate's account, which it then transferred to the relevant county clerk of courts, we held that the "'non-delivery of property . . . in [the government unit officer's] possession' requirement of Section 5524(6) of the Judicial Code" had been met. *Id.* at 1149 (quoting 42 Pa.C.S. § 5524(6)). Consequently, we concluded the inmate's action against the Department for return of his prisoner account funds was subject to a two-year statute of limitations. *Id*. We also determined that the inmate's cause of action accrued on the date of the first Act 84 deduction and that the inmate had two years from that date in which to file the claim. *Id.* These conclusions, that a challenge to Act 84 deductions is subject to a two-year statute of limitations and that the limitations period begins to run as of the date of the first deduction, have been reiterated in multiple decisions after *Morgalo*. *See Reid v. Dep't of Corr. for Pa.* (Pa. Cmwlth., No. 327 M.D. 2015, filed July 17, 2017); *Young v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 485 M.D. 2015, filed December 22, 2016).[3]

Under *Morgalo*, Sigman had two years from the first Act 84 deduction from his inmate account to file any challenge to those deductions. The first deduction

---

[3] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. Pa.R.A.P. 126(b).

occurred on November 27, 2013; therefore, Sigman's cause of action accrued on that date. The last day for him to file a challenge to those deductions was November 27, 2015. Sigman did not file the Petition until September 17, 2018, almost three years after the limitations period expired. Thus, unless the statute of limitations period was tolled, Sigman's Petition is barred by the two-year statute of limitations period.

Sigman proffers two reasons for why his Petition is not time barred. First, he contends that because he has filed a PCRA challenge to his sentence that is currently before the Superior Court, the limitations period is not violated. Sigman provides no legal support for his claim, and our research has revealed none. Thus, this reason does not justify the tolling of the two-year statute of limitations period. Second, Sigman asserts that each deduction constitutes a new violation of his rights. However, this Court, in *Morgalo*, explicitly declined to treat Act 84 deductions as continuing violations that reset the statute of limitations each time a deduction is made. 134 A.3d at 1149 n.14. Because we are bound by this en banc decision, this reason, too, does not warrant the tolling of the two-year statute of limitations period.[4]

For the foregoing reasons, the pleadings here "show there is no genuine issue of material fact," *Trib Total Media, Inc.*, 3 A.3d at 698 n.2, of when the first Act 84 deduction from Sigman's inmate account occurred, which was on November 27, 2013, or when Sigman filed his Petition challenging those deductions, which was September 17, 2018. Because the Petition was not filed within two years of the first Act 84 deduction, it is barred by the two-year statute of limitations, and Respondents

---

[4] We note Sigman does not claim he was unaware that the deductions were being made, thereby making the discovery rule, which would toll the statute of limitations, *Gleason*, 15 A.3d at 485, inapplicable here.

10

are "entitled to judgment as a matter of law." *Id.* Accordingly, we grant the Motion and dismiss Sigman's Petition with prejudice.[5]

_____
**RENÉE COHN JUBELIRER,** Judge

_____

[5] Sigman filed a second Application for Relief requesting the scheduling of a pretrial conference. Given the resolution of the Motion, this Application for Relief is dismissed as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane Sigman,                                         :
                              Petitioner              :
                                                      :
            v.                                        :     No. 607 M.D. 2018
                                                      :
Pa Dept of Corrections, John Wetzel, et  :
SCI Laurel Highlands,                                :
                              Respondents             :

# O R D E R

**NOW**, May 4, 2020, Respondents' Motion for Special Relief in the Nature of Judgment on the Pleadings is **GRANTED**, and the Petition for Review filed by Shane Sigman is **DISMISSED WITH PREJUDICE**.  Additionally, the Application for Relief filed by Sigman on December 19, 2019, is **DISMISSED AS MOOT**.

_____
**RENÉE COHN JUBELIRER,** Judge