IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kahlil K. Hammond,               :
                Appellant     :
                                 :
           v.              :     No. 910 C.D. 2024
                                 :     Submitted: August 8, 2025
D. Coulehan; Sergeant Wright; and     :
Superintendent M. Zaken           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED: October 31, 2025

      Kahlil K. Hammond, pro se, appeals an Order of the Court of Common Pleas of Greene County (trial court), which dismissed Hammond's Complaint after sustaining D. Coulehan, Sergeant Wright, and Superintendent M. Zaken's (Appellees) preliminary objection (PO) for improper service of original process and denied Hammond's Motion to Cure Procedural Defect (Motion to Cure) and Praecipe to Reinstate Complaint (Praecipe to Reinstate). Although admitting he did not serve the Pennsylvania Office of Attorney General (OAG) with original process as required by the Pennsylvania Rules of Civil Procedure, Hammond argues the trial court erred and abused its discretion because it should have afforded him the opportunity to properly serve the OAG. Despite agreeing the trial court erred, Appellees argue the error is harmless. After review, the Court reverses the trial court and remands for proceedings consistent with the following memorandum opinion.

# I.  BACKGROUND

Hammond, an inmate at the State Correctional Institution (SCI) at Phoenix, commenced this action against Appellees, employees of the Pennsylvania Department of Corrections (DOC) at SCI-Greene, in both their official and individual capacities, by filing the Complaint with the trial court in January 2024. In the Complaint, Hammond alleged four claims stemming from his transfer from SCI-Greene to SCI-Camp Hill in the fall of 2023.  First, Hammond alleged that Appellees negligently damaged his television while it was under their care, custody, and control during his transfer, resulting in officers at SCI-Camp Hill confiscating the damaged television.  Second, Hammond alleged that Appellees negligently failed to renew his legal property exemption before his transfer, which caused officers at SCI-Camp Hill to confiscate his legal property upon arrival.  Third, Hammond alleged that Appellees denied him access to the courts in violation of the First Amendment to the United States Constitution, U.S. CONST. amend. I, because the confiscation of his legal property, which Appellees caused by negligently failing to renew his exemption, impeded his ability to litigate active court cases.  Finally, Hammond alleged that Appellees denied him due process in violation of the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, for the same reason as his First Amendment claim.

According to the proof of service with the Complaint, in addition to the trial court, Hammond mailed the Complaint via first-class mail to the OAG and the Office of Chief Counsel for DOC.  Simultaneously, Hammond filed a Petition to Proceed *In Forma Pauperis*, which the trial court granted (IFP Order).  In the IFP Order, the trial court directed the prothonotary to docket the Complaint and "to make proper service of [Hammond's] Complaint via the Greene County Sheriff, upon the named

2

[d]efendants herein," i.e., Appellees. (Original Record (O.R.) Item 35.) Lastly, the trial court provided Appellees 60 days from the date of the IFP Order to file a response to the Complaint.

On February 5, 2024, the Greene County Sheriff served the Complaint on Appellees. More than 60 days after the IFP Order, the OAG entered its appearance on behalf of Appellees "for the limited purpose of raising [POs] to [Hammond's] Complaint" and asserted that "[Appellees] were not properly served under the [Pennsylvania] Rules of Civil Procedure." (O.R. Item 30.) Because he did not receive a response to the Complaint within 60 days of the IFP Order, Hammond sought entry of default judgment, which the trial court denied.

Shortly thereafter, Appellees filed POs, arguing the Complaint should be dismissed with prejudice for improper service and failure to state a claim. To start, Appellees argued that Hammond did not properly serve the OAG as required by 37 Pa. Code § 111.1 and Pennsylvania Rules of Civil Procedure 400 and 422(a), Pa.R.Civ.P. 400 and 422(a). Consequently, Appellees asserted the Complaint should be dismissed because the trial court lacked *in personam* jurisdiction over Appellees. Next, Appellees demurred to the negligence counts of the Complaint, arguing Hammond cannot sustain the claims against Appellees in their official capacity because they are immune from suit and Hammond neither alleged an exception to immunity nor that Appellees acted outside the scope of their employment to defeat immunity. Additionally, Appellees demurred to the constitutional claims, asserting Hammond did not state legally sufficient claims because he did not allege that Appellees acted outside of their official capacity such that they are liable under 42 U.S.C. § 1983. Even if he did, Appellees maintain that Hammond did not state

3

valid constitutional claims because he did not allege legally sufficient injuries. Thus, Appellees argued the trial court should dismiss the Complaint with prejudice.

Hammond filed three documents in response: the Motion to Cure, the Praecipe to Reinstate, and a brief in opposition to the POs. In the Motion to Cure, Hammond stated he reasonably believed, based on his IFP status and the IFP Order, that service was going to be effectuated on his behalf by the sheriff. Hammond acknowledged the OAG was not properly served and requested the trial court provide him the opportunity to cure this procedural defect. In the Praecipe to Reinstate, Hammond requested the trial court reinstate the Complaint pursuant to Pennsylvania Rule of Civil Procedure 401(b), Pa.R.Civ.P. 401(b), to allow him to properly serve the OAG. Finally, in his brief opposing the POs, Hammond asserted that while the OAG was not properly served as required, the trial court should nonetheless deny the PO for improper service to afford him an opportunity to properly serve the OAG. Hammond also argued the Court should deny the PO to his negligence claims because Appellees did not properly invoke sovereign immunity as it is an affirmative defense that must be raised as a new matter, not as a PO, pursuant to Pennsylvania Rule of Civil Procedure 1030, Pa.R.Civ.P. 1030. In any event, Hammond argued the Complaint sufficiently stated a claim for negligence, an exception to immunity, and that Appellees acted outside the scope of their employment. Hammond further argued that when taken as true, the Complaint sufficiently alleged that Appellees denied him due process and access to the courts in violation of the United States Constitution.

Thereafter, the trial court issued its Order, sustaining Appellees' PO for improper service. The trial court explained that although "a pro se litigant is not held to the same standards as a licensed attorney, [the court is] forced to strictly

4

adhere to the rules concerning service of process." (Trial Court Opinion at 2-3 (italics removed) (citing *Williams v. Pa. Dep't of Corr. at SCI-Forest* (Pa. Cmwlth., No. 568 C.D. 2017, filed Feb. 28, 2018)).)[1]  In the trial court's view, it was constrained to sustain the PO for improper service and dismiss the Complaint because Hammond admitted he did not properly serve the OAG.  The trial court further opined that Hammond may not cure this procedural defect because "this matter is currently beyond the prescribed time for service." (*Id.* at 3.)  Thus, without addressing the remaining POs, the trial court dismissed the Complaint for improper service and denied both the Motion to Cure and Praecipe to Reinstate.

Hammond timely appealed the trial court's Order to this Court.  Subsequently, Hammond filed a Motion for Leave to Amend Complaint and an Amended Complaint with the trial court.  Hammond also filed an Application for Reconsideration with the trial court, maintaining that the court should reconsider the Order because "the proper remedy for defective service is to set aside the service and provide the plaintiff with an opportunity to effect proper service." (O.R. Item 8.)  By order dated August 14, 2024, the trial court denied the Application for Reconsideration and simply acknowledged receipt of the Motion for Leave to Amend Complaint and the Amended Complaint, explaining its jurisdiction was limited by the pending appeal.

---

[1] In accordance with Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported panel decisions of this Court may be cited for their persuasive value.

## II.  DISCUSSION[2]

On appeal,[3] Hammond argues the trial court erred because although he did not effectuate proper service of the Complaint upon the OAG, the trial court should have afforded him the opportunity to do so rather than outright dismiss the Complaint. Hammond maintains that the trial court should have provided him such an opportunity because Appellees would not have suffered any prejudice as they were properly served and the OAG received actual notice and a copy of the Complaint via first-class mail.  Hammond further asserts that the trial court erred in concluding the time for service passed because Pa.R.Civ.P. 401(b)(2) permits a complaint to be reinstated at any time and any number of times to allow for proper service.

"Before a court may determine a legal action, it must possess both subject-matter jurisdiction and jurisdiction of the person." *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa. Cmwlth. 2006).  "Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant." *Id.*  "[W]ithout valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." *Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 999 (Pa. 2024) (citation omitted). Consequently, "failure to perfect service is fatal to a lawsuit." *Id.*  "Where service of process is defective," however, "the remedy is to set aside the service." *City of Philadelphia v. Berman*, 863 A.2d 156, 160 (Pa. Cmwlth. 2004).  "In such a case, the action remains open . . . and the court must allow the plaintiff to attempt to make proper service of process on the defendant which would properly vest jurisdiction in the court." *Id.*

---

[2] "This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion." *Brown v. Clark*, 184 A.3d 1028, 1029 n.3 (Pa. Cmwlth. 2018).

[3] Before this Court, Hammond raises numerous arguments regarding other orders of the trial court.  However, Hammond's appeal is limited in scope to the Order.  Accordingly, the Court will only consider Hammond's arguments as to the Order.

6

Relevantly, original process upon an employee of the DOC "shall be served within the Commonwealth only by the sheriff" and "made at the office of the defendant and the [OAG] by handing a copy to the person in charge thereof." Pa.R.Civ.P. 400(a), 422(a); *see also* 37 Pa. Code § 111.1. Additionally, service of original process must occur "within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.Civ.P. 401(a). Nevertheless, if service of original process "is not made within the time prescribed by [Pa.R.Civ.P. 401(a)] . . . , the prothonotary upon *praecipe* and upon presentation of the original process, or a copy thereof, shall continue its validity by designating the writ as reissued or the complaint as reinstated." Pa.R.Civ.P. 401(b)(1). "A writ may be reissued or a complaint reinstated at any time and any number of times." Pa.R.Civ.P. 401(b)(2). Therefore, while Pa.R.Civ.P. 401(a) "requires service within thirty days, the suit is not dead merely because the complaint was not served within thirty days of filing." *Edmond v. Se. Pa. Transp. Auth.*, 651 A.2d 645, 647 (Pa. Cmwlth. 1994). "All that is required to extend the time for service is to reinstate the complaint before service is again attempted." *Id.*; *see also Gurdine v. Dailey* (Pa. Cmwlth., No. 692 C.D. 2024, filed June 16, 2025), slip op. at 4 ("A complaint may be reinstated at any time and any number of times but must be served within 30 days of the reinstatement.").

Here, it is undisputed that Hammond did not effectuate proper service of original process upon the OAG in accordance with the Pennsylvania Rules of Civil Procedure. However, the trial court erred in denying Hammond the opportunity to properly serve the OAG because "[w]here service of process is defective, the remedy is to set aside the service" and "allow the plaintiff to attempt to make proper service of process on the defendant which would properly vest jurisdiction in the court." *Berman*, 863 A.2d at 160. Moreover, the trial court erred in denying the Praecipe to

7

Reinstate because a complaint may be reinstated at any time, which renews the prescribed time for service.[4] *See* Pa.R.Civ.P. 401(a)-(b); *Edmond*, 651 A.2d at 647; *Gurdine*, slip op. at 4. All that was required for Hammond to extend the time for service was to reinstate the Complaint before attempting to serve the OAG. *See Edmond*, 651 A.2d at 647; *see also Gurdine*, slip op. at 4. Therefore, the trial court erred in dismissing the Complaint without providing Hammond the opportunity to properly serve the OAG with original process.[5]

## III. CONCLUSION

For the foregoing reasons, the Court reverses the Order of the trial court. Additionally, the Court remands the matter for further proceedings as follows. Upon remand, the trial court shall direct the prothonotary to reinstate the Complaint to allow Hammond the opportunity to properly serve original process in accordance with the Pennsylvania Rules of Civil Procedure. Once Hammond has properly served original process, the trial court shall address Hammond's Motion for Leave to Amend Complaint since the court has yet to rule on the filing because of

---

[4] "Where a plaintiff does not make a good faith effort at service of original process, an action which was otherwise timely commenced by filing a [complaint] within the statutory period will be deemed untimely and barred by the statute of limitations." *Miller v. Klink*, 871 A.2d 331, 335 (Pa. Cmwlth. 2005); *see also Ferraro*, 313 A.3d at 1001-11 (discussing what entails "good faith effort" to effectuate proper service of original process). No "good faith effort" inquiry was necessary here, however, because Hammond requested that the Complaint be reinstated to allow proper service of original process well before the two-year statutory period to bring his negligence and constitutional claims elapsed. *See* Section 5524(7) of the Judicial Code, 42 Pa.C.S. § 5524(7); *see also Morgalo v. Gorniak*, 134 A.3d 1139, 1149 n.13 (Pa. Cmwlth. 2016) (explaining that "claims which are brought pursuant to 42 U.S.C. § 1983 are also subject to a two-year statute of limitations in Pennsylvania" under Section 5524(7) of the Judicial Code).

[5] Although they agree that the trial court erred, Appellees claim "this error was harmless because Hammond's pleadings did not state any actionable claims." (Appellees' Br. at 14.) Accordingly, Appellees request that the Court affirm the trial court because we may do so "on any grounds that are supported by the record." (*Id.*) We do not accept this invitation.

Hammond's appeal of the Order. If the trial court grants the Motion for Leave to Amend Complaint, the POs to the Complaint are rendered moot, Hammond shall serve the Amended Complaint in accordance with the Pennsylvania Rules of Civil Procedure, and Appellees may file either an answer or POs to the Amended Complaint. If the trial court denies the Motion for Leave to Amend Complaint, the court shall address Appellees' remaining POs to the Complaint.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kahlil K. Hammond, : 
     Appellant : 
           : 
     v. :  No. 910 C.D. 2024
           : 
D. Coulehan; Sergeant Wright; and : 
Superintendent M. Zaken : 

# **O R D E R**

**NOW**, October 31, 2025, the Order of the Court of Common Pleas of Greene County, entered in the above-captioned matter, is **REVERSED**, and the matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
RENÉE COHN JUBELIRER, President Judge